In the Matter of VICTOR E. DE LYNN, Appellant, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Argued June 3, 1953; decided July 14, 1953.

502

*Victor E. De Lynn,* appellant in person. I. Section 335-a of the Code of Criminal Procedure is definite, explicit and mandatory. Convictions obtained without compliance therewith are void, and as such constitute insufficient proof to warrant a suspension of license. (*Matter of Ohmann* v. *Harnett,* 168 Misc. 521; *People* v. *Sutcliffe,* 255 App. Div. 299; *People* v. *Serences,*

255 App. Div. 587; *Matter of Johnston* v. *Fletcher*, 275 App. Div. 802, 300 N. Y. 470.) II. Subdivision 6 of section 71 of the Vehicle and Traffic Law is definite, explicit and mandatory. A suspension of license obtained in disregard of its provisions is clearly unauthorized. III. The Appellate Division erred in assuming that the provisions of section 335-a of the Code of Criminal Procedure apply only to those offenses which must result in suspension of licenses. By express provision, the statute applies equally to those offenses which may result in suspension of license.

*Nathaniel L. Goldstein, Attorney-General (Abe Wagman* and *Wendell P. Brown* of counsel), for respondent. I. Notice under section 335-a of the Code of Criminal Procedure was not required in connection with any of the three convictions suffered by petitioner. Section 71 of the Vehicle and Traffic law, in prohibiting an order of suspension " made because of a judgment of conviction " if there was a failure to comply with section 335-a, simply means that suspension is improper where it is based on a specific conviction in connection with which notice under section 335-a was required but not given. In this case not only was the suspension not made because of a judgment of conviction, within the sense of section 71, but no notice under section 335-a was required. (*Matter of Johnston* v. *Fletcher,* 275 App. Div. 802, 300 N. Y. 470; *People* v. *Stoner,* 169 Misc. 469; *Matter of Gluckman* v. *Fletcher,* 281 App. Div. 680; *Matter of Hudson* v. *Mealey,* 176 Misc. 696; *Matter of Bush* v. *Fletcher,* 196 Misc. 134.) II. The commissioner was justified in suspending petitioner's operator's license.

Conway, J. Petitioner, on his pleas of guilty, was convicted of speeding offenses, in violation of the New York City Traffic Regulations, on three separate occasions between June 22, 1949, and April 17, 1951, a period of twenty-two months. He received a notice of hearing from respondent dated June 4, 1951, informing him that a hearing would be held to investigate his persistent violations of the traffic laws and to determine whether his license and/or registration should be suspended or revoked. At the hearing, on June 18, 1951, the petitioner submitted an affidavit in which he asserted that he was never informed, upon any of the three convictions that, in addition to any penalty which might

be imposed, " his license to drive a motor vehicle might be suspended or revoked, nor that a plea of guilty is equivalent to a conviction after trial." Subsequent to the date of the hearing he received notice that his license was to be suspended and thereupon instituted this article 78 proceeding at Special Term.

The respondent submitted an answer in which he stated: " That having received evidence of the aforesaid convictions the respondent determined that the petitioner was a persistent violator of the New York City traffic ordinances. Accordingly the respondent determined to suspend the petitioner's license to operate an automobile for sixty days, pursuant to Section 71-3 (d) of the Vehicle and Traffic Law." Respondent also asserted that the petitioner was accorded a hearing with full opportunity to present objections to the respondent's proposed action. Petitioner, as we have seen, submitted an affidavit upon the hearing of June 18th. The respondent did not attach the record of the hearing to his answer and thus we have no minutes of the hearing before us.

Section 71 of the Vehicle and Traffic Law deals generally with the problem of suspension and revocation of drivers' licenses and owners' certificates of registration. We are here concerned only with the suspension of a driver's license.

Subdivision 2 of section 71 provides for mandatory revocation of a driver's license under certain conditions, one of the conditions being where the holder is convicted: " (c) of a third or subsequent violation, committed within a period of eighteen months, of any provision of section fifty-six of this chapter [sic] any ordinance or regulation limiting the speed of motor vehicles * * *."

Here the petitioner's three speeding convictions did not occur within an eighteen-month period and for that reason his license could not have been revoked mandatorily.

Subdivision 3 of section 71 deals with permissive suspension and revocation of a driver's license. The petitioner's license was suspended pursuant to paragraph (d) of subdivision 3 which provides as follows: " Such licenses * * * may be suspended or revoked: * * * (d) for habitual or persistent violation of any of the provisions of this chapter, or of any lawful ordinance, rule or regulation made by local authorities in relation to traffic ".

Subdivision 6 of the same section prohibits the suspension or revocation of a license, where such action is based upon a judgment of conviction, unless there has been compliance with section 335-a of the Code of Criminal Procedure. It reads as follows: '' No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure. In case a suspension or revocation has been made and the commissioner is satisfied that there was such failure, he shall restore the license or certificate of registration or both as the case may be.''

Section 335-a of the Code of Criminal Procedure, referred to in subdivision 6 of section 71, provides: '' PROVISIONS APPLICABLE TO ARRAIGNMENTS FOR TRAFFIC VIOLATIONS. The magistrate, after the arrest in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, *may or must* be suspended or revoked in accordance with the provisions of law governing the charge involved, and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial.'' (Italics supplied.)[1]

Concededly, there is an '' absence of any showing that he [petitioner] had ever been warned of the consequences with respect to his operator's license upon arraignment for any of the aforesaid traffic violations.'' Moreover, as the Justice presiding at Special Term wrote: '' Except for the convictions,

---

[1] The Legislature has amended this section (L. 1953, ch. 288) effective July 1, 1953. The new amendment eliminates the "may or must" provision and substitutes the following paragraph: "A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

there was no proof before the Commissioner of Motor Vehicles that the petitioner had habitually or persistently violated traffic laws, ordinances, etc.''

Petitioner now contends that the magistrate, upon his third arraignment for speeding, was required to warn him that his license might be suspended and that since the magistrate failed to so warn him the respondent's action was illegal.

We are thus called upon to determine under what circumstances a magistrate must warn a defendant arraigned for one of the violations enumerated in section 335-a of the Code of Criminal Procedure.

This question has already been answered in *Matter of Johnston* v. *Fletcher* (300 N. Y. 470). We there decided that a reading of section 335-a of the Code of Criminal Procedure indicates that prior to accepting a plea, a magistrate is required to give a warning when the law governing the charge involved provides that an operator's license or owner's certificate of registration *may or must* be revoked or suspended. It was apparently not the intention of the Legislature to require a magistrate to give that information in cases where he had no power to suspend a license or revoke a certificate. The solution to the problem of when a magistrate must give the warning specified in section 335-a of the Code of Criminal Procedure, as we held in *Matter of Johnston* v. *Fletcher* (*supra*), is thus to be found by determining whether the magistrate is empowered in the particular case to suspend or revoke the defendant's license. If so empowered, the magistrate is under a duty to inform the defendant that, upon conviction, his license '' *may or must* '' be suspended or revoked. A magistrate is empowered to suspend or revoke drivers' licenses and owners' certificates of registration (Vehicle and Traffic Law, § 71, subd. 1) not only when there is a third or subsequent violation committed within a period of eighteen months of any provision of section 56 of the Vehicle and Traffic Law relating to speed limitations, any '' ordinance or regulation limiting the speed of motor vehicles and motor cycles or any provision constituted [constituting] a misdemeanor by this chapter, not included in (a) or (b) hereof whether such three or more violations were repetitions of the same offense or were different offenses '' (§ 71, subd. 2, par. [c]), but also when there is habitual or persistent violation of any of the pro-

visions of the Vehicle and Traffic Law, or of any lawful ordinance, rule or regulation made by local authorities in relation to traffic. Assuming *arguendo* that three such violations, as there were here, within twenty-two months makes a driver an " habitual or persistent " violator it is clear that the magistrate, as well as the commissioner, had the discretionary power to suspend petitioner's license. Accordingly, the warning provided for in section 335-a of the Code of Criminal Procedure should have been given.

As the only evidence of petitioner's alleged habitual or persistent violations of the traffic regulations consisted of convictions, obtained in the absence of conformance with section 335-a of the Code of Criminal Procedure, it follows that the petitioner's license was illegally suspended.

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LEWIS, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur; VAN VOORHIS, J., taking no part.

Ordered accordingly.