## (March 22, 1955.)

In the Matter of CHARLES R. VAN DE WALLE, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

*Per Curiam.* Determination annulled and the proceeding remitted to the Commissioner of Motor Vehicles for further action, without costs to either party. As to four of the seven convictions for violation of traffic laws and regulations, there was no evidence in the record of compliance with section 335-a of the Code of Criminal Procedure. We do not know whether petitioner's license would have been suspended by the commissioner because of the remaining three convictions in which there is an indication of such compliance. We note, however, that these convictions, in which notice was apparently given, followed convictions in which there is no evidence of compliance with the code. The matter is remitted so that the commissioner may be afforded the opportunity (1) to receive proof, if any, of the four violations now excluded, or (2) to receive proof, if any, as to whether there was compliance with the code in connection with the convictions grounded on such violations, or (3) to determine whether he is satisfied that petitioner is an habitual or persistent offender because of the three convictions in which there was evidence of compliance, if he is satisfied that, in fact, there was such compliance. In choosing to remit this proceeding, we observe that with respect to three convictions there is an indication in the record before the court that there was compliance with section 335-a. This was not the situation in *Matter of De Lynn* v. *Macduff* (305 N. Y. 501). Settle order.

COHN, J. (dissenting in part). At a hearing before a referee of the Bureau of Motor Vehicles to investigate petitioner's "persistent violation of traffic laws, and to determine whether his license and/or registration should be suspended or revoked", petitioner was advised by the referee that his record showed seven convictions of offenses under the Vehicle and Traffic Law. These violations occurred between October 14, 1949, and December 2, 1952, the more serious being two speeding convictions. On the basis of this statement by the referee and without the introduction of proof of such convictions, the referee inquired of petitioner what he had to offer in defense. Petitioner then submitted an affidavit in which he admitted six of the convictions and asserted that he was never informed upon any of such convictions that in addition to the fine which might be imposed, his license and registration certificate might

be suspended or revoked, or that a plea of guilty is equivalent to a conviction after trial. It is to be noted that the certificates of conviction first made their appearance in this record in the form of exhibits attached to respondent's answer herein, after the instant article 78 proceeding had been instituted.

Petitioner's license was suspended for thirty days as an habitual or persistent violator of traffic offenses based on such convictions. (Vehicle and Traffic Law, § 71, subd. 3, par. [d].) To validly sustain such a suspension the suspending officer must first satisfy himself that the Magistrates who pronounced the judgments of conviction properly informed the petitioner that at the time of his arraignments upon conviction, not only will he be liable to a penalty, but that in addition, his license to drive a motor vehicle may be suspended, and that a plea of guilty is equivalent to a conviction after trial. (Vehicle and Traffic Law, § 71, subd. 6; Code Crim. Pro., § 335-a; *Matter of De Lynn* v. *Macduff*, 305 N. Y. 501, 506, 507; *Matter of Ross* v. *Macduff*, 284 App. Div. 900.)

It is apparent on this record that respondent failed to sustain the charge and that the suspension of petitioner's license was illegal. Respondent did not offer the certificates of conviction into evidence at the hearing, but relied on the admissions of such convictions by petitioner. There was no proof offered at the hearing by respondent or any finding made by respondent that the Magistrates imposing the judgments of conviction complied with section 335-a of the Code of Criminal Procedure. Indeed, petitioner in his submitted affidavit urged noncompliance by the Magistrates with section 335-a as a complete defense to the charge that he was a persistent violator of the traffic laws.

The petitioner's license was illegally suspended since the only evidence before the referee of petitioner's alleged habitual or persistent violations of the traffic laws consisted of convictions obtained (according to petitioner) in the absence of conformance with section 335-a of the Code of Criminal Procedure. (*Matter of De Lynn* v. *Macduff*, 305 N. Y. 501, 507, *supra.*)

Accordingly, the determination should be annulled.

Peck, P. J., Breitel, Bastow and Botein, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents, in part, in opinion.

Determination annulled and the proceeding remitted to the Commissioner of Motor Vehicles for further action in accordance with the opinion herein. Settle order on notice.