In the Matter of MORTIMER M. ROSS, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Argued April 12, 1955; decided July 8, 1955.

*Jacob K. Javits, Attorney-General* (*Abe Wagman* and *Henry S. Manley* of counsel), for appellant. I. The Appellate Division erred in holding that the commissioner did not have the power to consider the two New York City speeding offenses in the chain of violations. (*Matter of Johnston* v. *Fletcher,* 300 N. Y. 470; *Matter of De Martino* v. *Mealey,* 284 N. Y. 231; *Matter of De Lynn* v. *Macduff,* 305 N. Y. 501; *Matter of Long* v. *Macduff,* 284 App. Div. 61.) II. The commissioner was justified in suspending respondent's license.

*Wilford E. Neier* for respondent. I. The appeal should be dismissed. II. Section 71 (subd. 3, par. [d]), is unconstitutional and void. (*Matter of Seignious* v. *Rice,* 273 N. Y. 44; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.,* 170 Misc. 42; *Matter of Small* v. *Moss,* 279 N. Y. 288; *Packer Collegiate Inst.* v. *University of State of N. Y.,* 298 N. Y. 184; *Matter of Fink* v. *Cole,* 302 N. Y. 216.) III. The findings, determination and order of appellant are devoid of any findings that the convictions upon which he based his determination were obtained in conformity with the provisions of section 335-a of the Code of Criminal Procedure. (*Matter of De Lynn* v. *Macduff,* 305 N. Y. 501.) IV. The decision of appellant contains no findings sufficient to afford the court an intelligent basis for judicial review. (*Matter of Page* v. *Fletcher,* 279 App. Div. 847.) V. Respondent, as a matter of law and fact, is not an habitual violator of the Vehicle and Traffic Law. VI. The determination of appellant was arbitrary, capricious, and an abuse of discretion and wholly without foundation in fact or in law.

DYE, J. We now review the propriety of a determination of the Commissioner of Motor Vehicles, suspending for fifteen days the petitioner's license to operate a motor vehicle, pursuant to statutory authority permitting such suspension ''·for habitual or persistent violation'' of the traffic laws and ordinances (Vehicle and Traffic Law, § 71, subd. 3, par. [d]). Such determination has been annulled in an article 78 proceeding on the ground that the commissioner should not have counted two of the speeding convictions on which he relied in making his determination for the reason that the proof failed to show that the petitioner, when he pleaded guilty to the two speeding charges, had been warned of the consequences with respect to his operator's license in conformity with section 335-a of the Code of Criminal Procedure, with the result that, under the point system procedure adopted by the hearing commissioner, the minimum points required to constitute an habitual and persistent violator were not met.

Upon this record such ruling is erroneous. At the statutory hearing, held after due notice, the petitioner appeared in person and by attorney. When asked to explain why his license should not be suspended for habitual and persistent violation of the Traffic Law, he readily admitted six prior convictions for traffic violations, viz.:

The first on April 22, 1947, for speeding in Manhattan, which he could not explain; the second, third and fourth convictions on October 4, 1950, for passing three red lights in Hempstead, Long Island, which he explanied were '' Right together ''—'' I must have missed one and gone through the three ''; the fifth on November 19, 1950, for speeding in The Bronx and for which no explanation was offered, and a sixth on July 11, 1952, for speeding in Johnsburg, New York, which he explained by saying that he had failed to see a reduced speed zone sign in time to reduce his speed from fifty-five miles per hour at which he was then traveling, to thirty-five miles per hour as required.

In reaching the determination, the hearing commissioner applied the point system which, to explain briefly, allots two points for a speeding violation and one point for passing a red light. A person who has six points in two years or eight points in any period of time is considered to evidence persistent or habitual violation.

The petitioner attacks the determination on various grounds, principal of which is the alleged unconstitutionality of section 71 (subd. 3, par. [d]) of the Vehicle and Traffic Law, in that legislative functions have been delegated to an administrative body without providing any criteria or standards defining the words " habitual " or " persistent ". This is wholly without substance and must be rejected, as such a requirement in respect to the administration of the traffic rules should be left to the reasonable discretion of the administrative official (see *Matter of Marburg* v. *Cole*, 286 N. Y. 202; *American Power Co.* v. *S. E. C.*, 329 U. S. 90).

The circumstances under which a licensee may be deemed " guilty of habitual or persistent violation " vary with the changes in highway conditions, amount of traffic, type of control, power and speed of vehicles, changes in local traffic regulations and ordinances and a myriad of other elements which necessitate the delegation of the formulation of specific rules to administrative officials (cf. *Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173).

Section 335-a of the Code of Criminal Procedure does not require any warning where there is involved a first or second charge of speeding or going through a red light in violation of local ordinances. The warning required is upon the third violation under the Vehicle and Traffic Law (§ 71, subd. 2, par. [c]). (*Matter of Johnston* v. *Fletcher*, 300 N. Y. 470; *Matter of De Martino* v. *Mealey*, 284 N. Y. 231; *Matter of De Lynn* v. *Macduff*, 305 N. Y. 501). Accordingly, when respondent was arraigned in 1947 for the first of six speeding convictions, the Magistrate had no duty to comply with section 335-a. Thereafter the three red light violations occurred on October 4, 1950, which, to give the respondent the benefit of the doubt, might be considered as one violation because of the proximity of the lights and this required no warning. Then there was the speeding violation of November 19, 1950, which, for all intents and purposes, may be considered respondent's third violation. Thereupon, under the commissioner's point system, there were seven points against the petitioner and, accordingly, one point short of finding him an habitual offender by the commissioner's own definition. With the July 11, 1952, speeding violation, respondent accrued enough points to fall within the commis-

sioner's definition of '' habitual '' or '' persistent '' and, accordingly, the Magistrate had the discretion to suspend or revoke the respondent's license. At that point, it was necessary that the convicting Magistrate apprise respondent of the provisions of section 335-a which, according to the certificate of conviction, was done. Upon such a record, the determination of the commissioner was neither arbitrary nor capricious. The suspension was justified.

The order of the Appellate Division should be reversed and the determination of the Commissioner of Motor Vehicles reinstated, without costs.

CONWAY, Ch. J., DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Order reversed, etc.