Mobbis Eder, J.
In 1954 petitioner instituted an article 78 proceeding to review and annul a determination of the Commissioner of Motor Vehicles suspending his operator’s license for 30 days. The proceeding was transferred for disposition to the Appellate Division. In March, 1955, the Appellate Division annulled the determination on the law and remitted the proceeding for further action to afford the commissioner the opportunity “ (1) to receive proof, if any, of the four violations now excluded [for lack of evidence in the record of compliance with section 335-a of the Code of Criminal Procedure], or (2) to receive proof, if any, as to whether there was compliance with the code in connection with the convictions grounded on such violations, or (3) to determine whether he is satisfied that petitioner is an habitual or persistent offender because of the three convictions in which there was evidence of compliance, if he is satisfied that, in fact, there was such compliance.” (285 App. Div. 936.)
On January 26, 1956, petitioner appeared for such rehearing pursuant to notice received from the commissioner. The hearing was suspended shortly after its commencement when objection was made by petitioner to a duplicate of a certificate of conviction. On February 7, 1956, petitioner received a further notice of rehearing set for February 17, 1956. His attorney then wrote to the bureau, advising that his client would not appear for any more hearings in view of the fact that the bureau had been given the opportunity afforded it by the Appellate Division to receive additional proof and any further hearings “ are beyond the jurisdiction of the Commissioner as limited by the ‘ law of the case ’ ’ ’. On March 2,1956, petitioner received a notice suspending his license “ pending a hearing ” and stating that a “ further hearing will be granted after compliance with this order ”.
Petitioner has now moved by order to show cause in the original article 78 proceeding to stay the suspension of his license until the commissioner has rendered a determination as directed by order of the Appellate Division.
A preliminary procedural objection must first be disposed of. Eespondent urges that the relief here sought may not be pursued by simple motion made in a proceeding in which a prior determination has been annulled, that the application is wholly independent of the prior proceeding and seeks relief against a new determination following a new hearing. The remitting of the proceeding for further action with regard to the original charges was, in effect, a continuation of the proceeding despite the fact that the determination initially made had been annulled. *110 The proceeding was still open for the purpose of implementation of the remission directed. Questions arising with regard to the rehearing therein provided for were related to the proceeding which resulted in such rehearing, and applications involving such questions could be pressed by motions in the pending article 78 proceeding.
As to the merits of the present application: Subdivision 3 of section 71 of the Vehicle and Traffic Law provides that a license may be ‘ ‘ temporarily suspended without notice, pending any prosecution, investigation or hearing”. Such provision may, of course, be invoked where a serious infraction has, on the basis of information available to the bureau, been committed. But no good reason exists to deny such power where a person refuses to appear for a scheduled hearing concerning any of the traffic infractions set forth in the section and charged against him.
Upon the facts here shown, petitioner’s position that the commissioner was required to complete the rehearing in one session must be deemed arbitrary. The nature of the proof allowable under the Appellate Division order was far from simple and the hesitancy of the referee understandable. We do not have a situation here of protracted adjournments and unnecessary and numerous rehearings partaking of the nature of harassment in which event relief would be obtainable to call a reasonable halt to the proceedings.
The traffic infractions originally charged against petitioner and the convictions therefor were still available for further action by the commissioner and he was accordingly empowered to temporarily suspend petitioner’s license for refusal to appear at a duly scheduled hearing thereon and pending such hearing.
The motion is accordingly denied.