Fuld, J.
In Matter of Astman v. Kelly (2 N Y 2d 567), also decided today, we considered an amendment made in 1940 to section 335-a of the Code of Criminal Procedure. In the present case, we are called upon to construe a further amendment of that section, one enacted in 1953.
Allen Hubbell, following a plea of guilty in each instance, was convicted of three separate charges of speeding — the first in October, 1953, the second in November, 1953, the third in July, 1954 — and, some six weeks after the last conviction, the Commissioner of Motor Vehicles revoked his license to drive and suspended his certificates of registration (Vehicle and Traffic Law, § 71, subd. 2, par. [c]; § 94-a). Each of the three certificates of conviction filed with the commissioner indicated that in each case the magistrate had informed Hubbell at the time of his arraignment that a plea of guilty was equivalent to a conviction after trial and that, if he were convicted, his driving license and his registration certificates were “ subject to suspension and revocation as prescribed by law.”
Hubbell, however, claimed that he had not been so advised when he was charged with the second violation in November of 1953, and that, by virtue of that omission, the second conviction was void and could not serve as a predicate for disciplinary action. Accordingly, he brought the present article 78 *566 proceeding to annul the commissioner’s determination. In answer, the commissioner, after contending that the warning had actually been given on all three occasions, went on to argue that, in any event, there was no need to give the monition except in that case which resulted in the third conviction. The court at Special Term dismissed the proceeding, without indicating the ground of its decision. The Appellate Division, holding that section 335-a required the magistrate to inform the defendant of the consequences of a conviction in each case, reversed and remitted the matter to Special Term for a hearing to ascertain whether the petitioner had received such information at the time of his second arraignment. In so ruling, the Appellate Division granted the commissioner permission to appeal to this court upon a certified question.
Section 335-a of the Code of Criminal Procedure, as it stood, before the 1953 amendment, required the magistrate to inform the defendant of the consequences of a conviction only if an adjudication of guilt in the case before him would or might lead to a revocation or suspension of the license or the registration certificate. (See, e.g., Matter of Johnston v. Fletcher, 300 N. Y. 470; see, also, Matter of Ross v. Macduff, 309 N. Y. 56; Matter of De Lynn v. Macduff, 305 N. Y. 501; Matter of Long v. Macduff, 284 App. Div. 61.) The effectiveness of the statute was, however, considerably impaired by difficulties encountered in administering it. Either through an unawareness of the defendant’s prior record or through an inability to figure the precise sort of warning called for — that the disciplinary action to be taken was mandatory or permissive (cf. Matter of De Lynn v. Macduff, supra, 305 N. Y. 501, 507; Matter of Eckerson v. Macduff, 284 App. Div. 56, 59) —the magistrate not infrequently failed to comply with the demands of the statute.
It was to eliminate these and other complications that the Legislature passed the 1953 amendment (L. 1953, ch. 288).[1] *567 And, after July 1, 1953, its effective date, tlie magistrate came under the necessity of giving a simple uniform warning, in the language prescribed by the statute, in every case of motor vehicle violation, whether or not a revocation or suspension might be based upon it.[2] As a result of the amendment, therefore, administration of the traffic laws is assured a certainty and a predictability previously absent. The magistrate, no longer required to speculate as to the consequences of a conviction in the case before him, must give the prescribed warning in every case and, it should be added, whether the defendant pleads guilty or stands trial. (See Matter of Astman v. Kelly, supra, 2 N Y 2d 567.)
The petitioner was, therefore, entitled to the section 335-a warning in each of the three cases brought against him and since a question of fact exists as to whether he received it at the time of his second arraignment, the Appellate Division very properly remitted the proceeding to Special Term for a trial of that issue.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
Conway, Ch. J., Desmond, Dye, Froessel, Van Voorhis and Burke, JJ., concur.
Order affirmed, etc.

. As amended, the section provided that “ The magistrate, after the arrest in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must instruct the defendant at the time of his arraignment in substance as follows: A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.”

. Matter of Ross v. Macduff (supra, 309 N. Y. 56), concerned as it was with convictions registered against the petitioner between 1947 and 1952, did not involve a construction of the 1953 amendment. We merely decided that, under section 335-a as it then read, the warning was required only in connection with that violation leading to the revocation or suspension meted out (pp. 59-60).