In the Matter of JOSEPH KAPLAN, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles, made June 24, 1960, which suspended for 30 days petitioner's chauffeur's license, for persistent violations, pursuant to paragraph (d) of subdivision 3 of section 71 (now § 510) of the Vehicle and Traffic Law. By order of the Supreme Court, Kings County, dated October 4, 1960, made pursuant to section 1296 of the Civil Practice Act, the proceeding was transferred to this court for determination. Determination of Commissioner of Motor Vehicles confirmed, without costs. At the hearing before the Referee, petitioner did not question the validity of the convictions. In such case, we prefer not to determine the issue of their validity on this record (*Matter of Hickox* v. *Griffin*, 298 N. Y. 365, 371; *United States* v. *Tucker Truck Lines*, 344 U. S. 33, 36–37; *Matter of Little Dutch Grill* v. *O'Connell*, 119 N. Y. S. 2d 851, affd. 281 App. Div. 901; cf. *Matter of Drasin* v. *Kelly*, 6 A D 2d 453, 456). In any event, if we were to consider the merits of this proceeding, we would hold that the summonses served upon petitioner complied with the requirements of section 335-a of the Code of Criminal Procedure, and, consequently, the convictions based thereon are valid. We would further hold that, apart from these convictions, petitioner's admissions at the hearing as to his traffic law violations constitute sufficient basis for the Commissioner's determination (*Matter of Drasin* v. *Kelly*, 6 A D 2d 453, 456–457, *supra*; see, also,

*Matter of Ross* v. *Macduff,* 309 N. Y. 56; cf. *Matter of De Lynn* v. *Macduff,* 305 N. Y. 501, 505–506). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.