390 P.2d 103

**STATE of Arizona, Appellant,**

v.

**David L. BIRMINGHAM and Myron Bradley,
Appellees.**

**No. 7918.**

Supreme Court of Arizona.

En Banc.

March 5, 1964.

Rehearing Granted April 14, 1964.

Robert W. Pickrell, Atty. Gen., Rad L. Vucichevich, Asst. Atty. Gen., Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellees.

STRUCKMEYER, Justice.

Actions were commenced by the appellees David Birmingham and Myron Bradley in the Superior Court of Maricopa County as authorized by A.R.S. § 28–451 to determine whether their automobile drivers' licenses were subject to suspension. The actions were consolidated in the supe-

rior court for decision since they presented the same question. The court entered its order permanently enjoining the suspensions by the Arizona State Highway Department, Motor Vehicle Division, for the reason that A.R.S. § 28–446, subs. A, par. 3 (as amended) [1] was an unconstitutional delegation of power in that it did not provide an adequate guide, criterion or standard for the department to act upon, thereby leaving the enforcement of the statute to the whim and uncontrolled discretion of those public officers administering the act. From that order, the state has perfected this appeal.

By A.R.S. § 28–445 (As amended Laws 1959, Ch. 142 § 1.) the legislature has set forth grounds when the state highway department shall revoke an operator's or chauffeur's license, as for example, manslaughter resulting from the operation of a motor vehicle. By A.R.S. § 28–446 (as amended), the highway department is permitted to suspend licenses in certain instances.

Under the authority of A.R.S. § 28–202, the superintendent of the Motor Vehicle Division of the State Highway Department has prescribed certain rules to aid in

---

1. A.R.S. § 28–446, subs. A, par. 3 (As amended Laws 1959, Ch. 142, § 2.) provides:
   "A. The department is authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

\* \* \* \* \*

"3. Has been convicted with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways."

carrying out the legislative directive contained in subsection A, par. 3 known as the "point system". The accumulation of twelve points within one twelve-month period is made grounds for the initial suspension of an operator's license.[2] Both appellees accumulated either twelve points or more within a twelve-month period. It is alleged that both are gainfully employed as salesmen and an operator's license is absolutely necessary to remain employed.

Appellees agree that the legislature may delegate authority to find facts or to determine conditions under which a particular statute may operate but assert it may not constitutionally delegate authority to proclaim what the law shall be. They rely on Ariz.Const. art. 3, A.R.S., the Distribution of Powers, forbidding one department of government from exercising the powers properly belonging to another, arguing that the statute authorizing suspension fails to spell out sufficient standards to confine administrative action.

We have in the past struck down legislation as unconstitutional where either no standard or an inadequate standard was prescribed.[3] We have held legislation constitutional where adequate standards were provided.[4]

On numerous occasions we have quoted the language of the Illinois Supreme Court in Vallat v. Radium Dial Co., 360 Ill. 407, 196 N.E. 485, 99 A.L.R. 607:

"When it leaves the Legislature a law must be complete in all its terms, and it must be definite and certain enough to enable every person, by reading the law, to know what his rights and obligations are and how the law will op-

---

2. Conviction of violation of A.R.S. § 28–692 (driving while under the influence of intoxicating liquors), 8 points; conviction of violation of A.R.S. §§ 28–692 and 28–693 (reckless driving) when both violations are charged in one citation, 8 points; conviction of violation of A.R.S. § 28–693, 6 points; conviction of violation of A.R.S. § 28–701 (speeding), 3 points; conviction of violation of any other traffic regulation governing the movement of vehicles, 2 points.

3. State v. Marana Plantations, Inc., 75 Ariz. 111, 252 P.2d 87 (regulations adopted by the State Board of Health); Loftus v. Russell, 69 Ariz. 245, 212 P.2d 91 (regulations of the dairy industry adopted by the County Board of Supervisors); Hernandez v. Frohmiller, 68 Ariz. 242, 204 P.2d 854 (no adequate guides or criteria for the containment of a Civil Service Board in the exercise of its powers); Tillotson v. Frohmiller, 34 Ariz. 394, 271 P. 867 (initiative act conferring absolute discretion as to whether the board of directors of state institutions should engage in private enterprises and public activities).

4. State v. Wacker, 86 Ariz. 247, 344 P.2d 1004 (regulations for pest control by Commission of Agriculture and Horticulture); Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915 (regulations of the Industrial Commission establishing rates by individual class and hazards); Duncan v. A. R. Krull Co., 57 Ariz. 472, 114 P.2d 888 (regulation of superintendent of the Department of Liquor Licenses and Control fixing the minimum fluid content for beer containers).

erate when put into execution. * * "
See Hernandez v. Frohmiller, supra, 68
Ariz. 242 at 251, 252, 204 P.2d 854
at 860.

This does not mean that the degree to which the legislature must specify a standard is capable of precise definition. In order to avoid unconstitutional delegation of power, it is not necessary for Congress to supply administrative officials with a specific formula for their guidance in a field where flexibility and the adaption of the congressional policy to infinitely variable conditions constitutes the essence of the program. United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317; Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694.

In Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915, we recognized that the standards laid down by the legislature within which the administrative body acts may be in broad and general terms. We have also noted a distinct modern tendency to be more liberal in the granting of discretion in the administrative law in fields where the complexities of economic and governmental conditions have increased, particularly where it is impractical to lay down an exact comprehensive rule. Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764.

Appellees argue that the standards for administrative action must be spelled out in the legislative enactment; that if they are negligible or non-existent, a delegation of power is unconstitutional resulting in abandonment of authority and responsibility. But we think appellees are shifting the significance of the word "standard", using it in its strictest sense as meaning an exact measure of quantity, weight, extent, value or quality rather than in the sense of a criterion or guide. See Webster's, Third New International Dictionary, 1961.

When superficially examined in this latter sense, the statute evidences five criteria or guides by which the responsible administrative officers are to determine when a driver's license shall be suspended. It requires (1) that the suspension be upon *conviction* of offenses against traffic regulations; (2) that there be *frequent* convictions; (3) that the offenses of which the operator has been convicted be *serious* offenses against traffic regulations; (4) that the offenses be against traffic regulations governing the *movement* of vehicles; and (5) that the convictions must be such as to show a disrespect for traffic laws and a disregard for the safety of other persons on the highway.

The word "frequency" is defined by Webster as "an occurrence often repeated" and the word "frequent" as "happening at short intervals". Hence there must be more than one conviction for serious offenses occurring within short intervals. The word "serious" is too well understood in the English language to require defini-

tion. The Court of Appeals of New York, in Ross v. MacDuff, 309 N.Y. 56, 127 N.E. 2d 806, 807, in upholding a statute permitting the suspension of an operator's license used this language:

> "The circumstances under which a licensee may be deemed 'guilty of habitual or persistent violation' vary with the changes in highway conditions, amount of traffic, type of control, power and speed of vehicles, changes in local traffic regulations and ordinances and a myriad of other elements which necessitate the delegation of the formulation of specific rules to administrative officials, cf. [Matter of] Mandel v. Board of Regents, of University of State of New York, 250 N. Y. 173, 164 N.E. 895." (Emphasis not ours.)

█ It is well settled that the legislature may make the application of a statute contingent or dependent upon the existence or occurrence of certain conditions, Southwest Engineering Co. v. Ernst, supra, 79 Ariz. 403, 416, f. n. 11, 291 P.2d 764, 773. Here, the fundamental contingency upon which the law operates is that the licensee has shown a disrespect for traffic laws and a disregard for safety of other persons.

█ The Arizona statute further circumscribes administrative action by im-

posing the conditions that there be convictions for serious offenses occurring at short intervals and involving the movement of vehicles. We think the criteria established by the legislature for the suspension of an operator's license is reasonably definite and certain involving a minimum of discretion, particularly where it is obviously impractical, as here, to lay down an exact comprehensive rule.[5]

Appellees focus their attack on the point system, urging that two states have held point systems unconstitutional because authority was delegated without sufficient standards. See South Carolina State Highway Department v. Harbin, 226 S.C. 585, 86 S.E.2d 466 and Harvell v. Scheidt, 249 N.C. 699, 107 S.E.2d 549. Appellants' position requires an examination of the procedures established by the statute A.R.S. § 28–446 to suspend or revoke a license.

The highway department is authorized to suspend the license of an operator without a hearing upon a showing from its records or other sufficient evidence that the holder of a license has frequent convictions of serious offenses against traffic regulations, etc. Upon the suspension, the highway department shall immediately notify the licensee, in writing, and upon his request shall afford him an opportunity for a hearing within twenty days in the county where-

---

5. Were the legislature to adopt into a statute a point system, technical violations which did not truly reflect the attitude of motor vehicle operator might cause an arbitrary suspension of a driver's license.

in the licensee resides. At the hearing, subpoenas may be issued for the attendance of witnesses and the production of relevant books and papers, oaths may be administered and the department may either rescind its order of suspension, extend it or revoke the license.

■ The point system is not the criteria or standard established by the legislature. It neither enlarges nor restricts the application of the statute. It is simply a declaration of administrative policy as to the significance to be given to the legislative language. Sturgill v. Beard, Ky., 303 S.W.2d 908. It is a "rule of thumb" adopted for the convenience of the administrators of the statute in order to bring before the department for hearing those who may justifiably have their licenses suspended, serving as a prima facie guide when the discretion of the administering officials would be invoked. As such, it provides a workable method for effectuating legislative purposes.

That the procedure is unusual does not of necessity detract from the constitutionality of the statute. Where, as today, hundreds and thousands of people may be using the public highways of this state at the same moment, a method is necessary to expedite the suspension of those licensees dangerous to others. The shifting of the burden to the licensee to apply for a hearing by one who believes the department's action is either unreasonable or arbitrary is not constitutionally assailable.

We held in Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136, that it is not simply a privilege to drive upon the public highways of this state but that it is a right which, of course, cannot be taken without due process of law. We indicated that some courts have determined that there is no requirement for a hearing prior to the administrative order suspending an operator's license and have justified the delay in the hearing until after administrative action on the basis of compelling public interest which demands immediate action. We believe that there is a compelling public interest in having those showing disrespect and disregard for traffic laws removed immediately from the highways of Arizona and that, therefore, the statute permitting the immediate suspension without a hearing can be constitutionally justified.

■ Appellees have not established arbitrary administration of A.R.S. § 28–446 or of the point system by the public officials charged with its administration. We think it only necessary to point out that were that the case here we would not declare the statute unconstitutional but simply set aside the action as being unreasonable. Southwest Engineering Co. v. Ernst, supra.

Appellees advance the proposition that this appeal should be dismissed for want of jurisdiction. The grounds urged are the same made in their motion to dismiss which was denied by this Court on the 28th day

**316**

of May, 1963. Appellees rely on Rule 58 (a), Rules of Civil Procedure, 16 A.R.S., to the effect that all judgments must be in writing and signed by a judge and are not effective before filing with the clerk of the court. In the instant case, the trial court did not sign a written judgment but only by minute entry order made permanent the preliminary restraining orders.

The language of A.R.S. § 12–2101 provides when an appeal may be taken to this Court. By subsection B it may be taken from a final *judgment* entered in an action or special proceeding commenced in a superior court and by subsection F par. 2, from an *order* granting or dissolving an injunction. The right to appeal is substantive. The rules promulgated by this Court can only effect procedural matters and may not diminish or augment substantive rights. Under these circumstances, the statute must control. Appellants may appeal from an order granting an injunction even if it be considered that appellees action is a "special proceeding" within the meaning of subsection B.

The order of the court below is reversed with directions to dissolve the permanent injunction.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and JENNINGS, JJ., concur.