99 Ariz. 349 (1965)
409 P.2d 50
Todd DeHART, D.C., President, Annon Row, D.C., Vice President, William W. Kalas, D.C., Secretary and Treasurer, Constituting the Arizona State Board of Chiropractic Examiners, Appellants,
v.
Kenneth COTTS et al., Appellees.
No. 7672.
Supreme Court of Arizona, En Banc.
December 22, 1965.
*350 Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Alvin E. Larson, Sp. Asst. Atty. Gen., Jerry Lawson, Asst. Atty. Gen., Phoenix, for appellants.
Marks & Marks, by Royal D. Marks and Laurence Davis, Phoenix, for appellees.
LOCKWOOD, Chief Justice:
The sole issue to be determined in this case is whether the Arizona Board of Chiropractic Examiners has the power to adopt rules and regulations regulating the professional conduct of chiropractors in the State of Arizona.
On October 1, 1961, the Arizona Board of Chiropractic Examiners adopted rules and regulations governing the professional conduct of chiropractors within the State of Arizona. Article II, § 3 purports to set up an "Ethics Committee" to investigate, inter alia, violations of the Board's rules relating to unprofessional conduct. Article III, § 1 purports to make a violation not only of A.R.S. § 32-924 (1959) but also of "any of the rules or regulations" of the Board as grounds for suspension or revocation of a chiropractor's license. Articles IV and V purport to require chiropractors desiring renewal of their licenses to agree to abide by the rules and regulations of the Board of Chiropractic Examiners, in addition to the requirements provided by statute.
The plaintiffs (appellees) as licensed, practicing chiropractors alleged that they had been threatened with "punitive action" by the Board on account of advertising violative of the Code of Ethics, and of use of the term "doctor" instead of the qualified, "Doctor of Chiropractic." Other appellees have been threatened with refusal to renew their licenses unless they signed the new application form promising to abide by all the rules and regulations of the Board.
The appellees sought injunctive relief and relief under the Declaratory Judgment Act A.R.S. § 12-1831 et seq. asking the court to declare that the Board had exceeded the authority delegated to it by the Legislature. Thereafter, appellees filed a Motion for Summary Judgment, which was granted on May 1, 1962.
Where the Legislature has by its enactments declared policies and fixed primary standards, it may validly confer on administrative bodies power to prescribe rules and regulations to promote the spirit and purpose of the legislation and its complete operation, in keeping with the clear intent of the enactment. See Employment Security Comm. of Arizona v. Arizona Citrus Growers, 61 Ariz. 96, 144 P.2d 682 (1944).
The enabling statute herein provides only that the Board "* * * shall *351 adopt rules and regulations for the performance of its duties." A.R.S. § 32-904, subsec. B. Thus, the Legislature did not confer any power in the Board to prescribe rules and regulations other than those necessary to carry out the duties specifically imposed under A.R.S. Chapter 8, Title 32. Any other interpretation would indicate an unconstitutional grant of legislative authority. See, State v. Marana Plantations, 75 Ariz. 111, 252 P.2d 87 (1953); State v. Birmingham, 95 Ariz. 310, 390 P.2d 103 (1964).
If the Legislature had intended to grant the Board power to prescribe rules (within defined limits) regulating professional conduct it could have expressly done so. See, e.g. A.R.S. § 32-237, subsec. 2 (attorneys); A.R.S. § 32-703, subsec. A (1960), (accountants). See also, Arizona State Board of Medical Examiners v. Clark, 97 Ariz. 205, 398 P.2d 908 (1965).
A further requirement that a legislative grant must establish standards within which the administrative board may act need not be discussed at this time.
In view of the foregoing it is unnecessary to discuss the Board's requirement to sign the application agreeing to compliance with the Board's standards.
We affirm the trial court's finding that the Rules and Regulations adopted by the Arizona State Board of Chiropractic Examiners are void and unconstitutional, as they did not represent a valid exercise of authorized power.
STRUCKMEYER, V.C.J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.