Gary William SPIEGELBERG, Appellant (Plaintiff below),

v.

WYOMING HIGHWAY DEPARTMENT et al., Appellees (Defendants below).

No. 4136.

Supreme Court of Wyoming.

March 27, 1973.

Robert W. Costin, Laramie, for appellant.

Robert J. Oberst, Sp. Asst. Atty. Gen., Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Gary William Spiegelberg has appealed from a district court affirmance of the Motor Vehicle Division, Wyoming Tax Commission, February 4, 1972, order, suspending his motor vehicle operator's license. The facts are not disputed. In 1971 appellant received three speeding tickets from the City of Laramie, in each instance paying twenty dollars, the fixed amount set as a fine for the offense of speeding, and had been arrested by a State Highway Patrolman for speeding, posting and forfeiting a thirteen-dollar appearance bond. On January 13, 1972, the Motor Vehicle Division issued and served on defendant an order to show cause why his operator's license should not be suspended pursuant to § 31–273(3)(d), W.S.1957, C.1967, 1971 Cum.Supp.[1] The order thereafter en-

---

1. Section 31–273(3):

"* * * The motor vehicle division may conduct an investigation to determine whether the license shall be suspended * * * upon a showing by its records or other sufficient evidence that the licensee;

\* \* \* \* \*

"(d) Has been convicted of such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and disregard for the safety of other persons on the highways;

\* \* \* \* \*

tered by the Motor Vehicle Division on February 4, 1972, reflected the appearance of appellant and his attorney, that he failed "to show any just cause or reason why his Operator's License should not be suspended," and ordered suspension for sixty days.[2] This order on appeal to the district court (violations of constitutional provisions being charged) was affirmed, and appeal has now been made to this court.

In his argument for reversal, appellant urges that the division's regulation giving it the power to suspend an operator's license based on conviction of offenses against traffic regulations within a given period in effect establishes an administrative point system, which would be a legislative function and is unconstitutional. He similarly contends that such regulations are in violation of the due process provisions of the Federal and State Constitutions and are an exercise of absolute and arbitrary power of life, liberty, and property.

In presenting his first point appellant quotes 16 C.J.S. Constitutional Law § 138, p. 614:

> "Executive agencies may be empowered to make and enforce rules governing the issuance of motor vehicle drivers' licenses, and to revoke or suspend drivers' licenses for cause, *provided suitable standards are established within which they may exercise their discretion.*" (Emphasis supplied.)

Although he did not give actual emphasis to the last clause, as do we, he did in effect in his argument when he said "The above quotation is followed by footnotes which refer to specific cases, a review of which reflect[s] that an attempt to set up an administrative point system by a delegation of broad power to the executive is an unconstitutional delegation of legislative authority to the executive."

An examination of the cited cases does not bear out appellant's assertion. In fact, one of them, In re France, 147 Mont. 283, 411 P.2d 732, deals with a Montana statute identical in germane portion to the one here in issue. The court there in considering whether various violations of speed and traffic laws were serious offenses for which the commission might revoke a driver's license said, 411 P.2d at 735:

> "* * * we disagree with petitioner's contention that the statute * * * is an unconstitutional delegation of legislative authority in that it is too vague.

> "Our statute clearly sets forth the administrative procedure to be taken as a result of motor vehicle violations. The * * * [criterion] established by the legislature for the suspension of the license is reasonable, definite, certain and involves a minimum of discretion. The giving or the revocation of a license to operate a motor vehicle is within the police power of the state, and with few exceptions the cases from throughout the country show an increasing trend to sustain statutory authority and * * * [give] considerable discretion to the authorities to promote public safety."

To a similar effect are holdings in other states.

In State v. Birmingham, 95 Ariz. 310, 390 P.2d 103, the court dealt with a statute

---

Chapter III C, Department of Revenue, Motor Vehicle Division, Regulations provided for suspension when there had been convictions of offenses against traffic regulations governing the movement of vehicles with such frequency as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways, the term "frequency" meaning that the operator had been so convicted two or more times within twelve months or six or more times within thirty-six months next preceding the latest conviction.

2. The order showed defendant's violations to be:
 "Dec. 10, 1971—Speeding, 88 mph in a 75 mph zone
 "Sept. 25, 1971—Speeding, 50 mph in a 30 mph zone
 "July 13, 1971—Speeding, 50 mph in a 30 mph zone
 "Sept. 1, 1971—Speeding, 50 mph in a 30 mph zone."

allowing the suspension of the license without preliminary hearing upon the showing by its records or other sufficient evidence of conviction with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways. Under the authority to prescribe rules and regulations for enforcement of statutory provisions he administers or enforces, the Superintendent of the Motor Vehicle Division of the Arizona Highway Department established a point system (a matter which the appellant herein insists was wholly without the province of the Motor Vehicle Division). The Arizona court, 390 P.2d at 105, in approving the suspension of drivers' licenses stressed that in order to avoid unconstitutional delegation of power it is not necessary to supply administrative officials with a specific formula for their guidance in a field where flexibility and policy adaption to infinitely variable conditions constitute the essence of the program. The court further said that the standards laid down by the legislature within which the administrative body acts may be in broad and general terms. In illustrating its philosophy, the court quoted from Ross v. Mac-Duff, 309 N.Y. 56, 127 N.E.2d 806, 807, where a statute permitting the suspension of an operator's license was upheld, 390 P. 2d at 105-106:

" 'The circumstances under which a licensee may be deemed "guilty of habitual or persistent violation" vary with the changes in highway conditions, amount of traffic, type of control, power and speed of vehicles, changes in local traffic regulations and ordinances and a myriad of other elements which necessitate the delegation of the formulation of specific rules to administrative officials * * *.' "

In Anderson v. Commissioner of Highways, 267 Minn. 308, 126 N.W.2d 778, 781, 9 A.L.R.3d 746, which upheld a suspension of driver's license, the court said:

"The sufficiency of the standard expressed by the term 'habitual violator' must be viewed in light of the purpose for which the statute was enacted. It should be realistically conceded that in carrying out the objects of the statute the commissioner is required to make judgments based upon many and varied factors involving a great amount of detail. It is not unreasonable to assume that the legislature may well have considered that to prescribe a more specific standard would only place the commissioner in a straitjacket and interfere with the fair and efficient administration of his duties. * * *"

Many other cases could be cited on the subject, some of which are discussed in Annotation, 9 A.L.R.3d 756.

 We do not mean to imply that the courts are unanimous in the discussed rationale, since the general subject of motor-vehicle operators' license revocation is one which generates much controversy arising out of the diversity in statutory provisions of various jurisdictions as well as inherent differences in human philosophy regarding the necessity of curbing the privileges of an individual for the public good. However, a review of many texts and innumerable cases interpreting statutes more or less similar to the one here in issue convinces us that the challenged statute is not vague or inspecific nor an unconstitutional delegation of authority but is valid and that the appellant in this instance was accorded due process.[3]

3. Although the matter is not definitively raised in the brief and argument, there is an implication that the four violations are not in and of themselves sufficient to indicate a disregard for the safety of other persons on the highways. Any such contention is without force. Speed of thirteen miles per hour over the maximum allowed at any place in the State and twenty miles more than that allowed in a thirty-mile zone can hardly be classified except as disregard for the safety of others, at least under the viewpoint of the bodies which have prescribed the safe speed for motor vehicles.

The trial court's order cannot be overturned on any of the issues raised in the appeal.

Affirmed.

GUTHRIE, Justice (concurring).

The writer would find it hard to concur in the result in the foregoing opinion based solely upon the authorities and reasons therein stated. It is my view that standing alone these delegations of power might well be considered improper. However, in many cases where courts have determined the standards were not definite and certain and constitutionally impermissible they have carefully considered the possibility that an arbitrary and uncontrolled power which might be abused has been delegated. In consideration of an attack of this character upon a statute it must be read in pari materia, Brinegar v. Clark, Wyo., 371 P.2d 62, 64, and cases cited therein. I call particular attention to § 31–273(4), W.S.1957, C.1967, which not only requires findings and a review by the motor vehicle division as a basis for any suspension, but provides any person who has a license suspended may file within 30 days an application with the district court "for a hearing in the matter," and further provides for a jury trial upon request, and an appeal to the supreme court. This may seem procedural, but it is my view that it is also properly considered as a part of the delegation, conditioning and limiting it to avoid arbitrary action. Lack of procedural safeguards have been considered in determining that delegations were unconstitutional, 1 Davis, Administrative Law Treatise, § 2.10, p. 114 (1958). The court in the oft-cited case of Butler v. Commonwealth, 189 Va. 411, 419, 53 S.E.2d 152, when confronted with a claim of unconstitutional delegation of power to the motor vehicle commissioner in that state, notes the importance of adequate "protection in the form of judicial review." That case involved a statute somewhat similar to ours insofar as the appeal provision is concerned, and the court used that as one of the bases for upholding the delegation of power. It is, then, upon the basis of this procedural safeguard that I am convinced that the statute and these rules are not an improper or unconstitutional delegation of power to the motor vehicle division, it being noted that the right of appeal goes far beyond that provided for aggrieved persons in certain other types of administrative procedural matters.