THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EBON MASON, Defendant.

County Court, Steuben County, May 2, 1950.

*Harry K. Morton, District Attorney,* for plaintiff.

*Wilbur F. Knapp* for defendant.

BRISCO, J.  The defendant was convicted of violation of section 58 of the Vehicle and Traffic Law (reckless driving) before Justice of the Peace HERBERT JOHNSON and a jury at Savona, in the town of Bath, Steuben County, New York.  He was fined $50 or fifty days in jail.  The fine was paid under protest and an appeal was taken to this court from said conviction and sentence.

The defendant urges, among other claims, that the judgment of conviction should be reversed and the information dismissed because of the manner of the arrest, and because the evidence does not establish beyond a reasonable doubt that the defendant is guilty.

An examination of the testimony which has been presented to me shows that the collision between the bus and tractor-trailer occurred near Lake Salubria, in the town of Bath, Steuben County, New York, and that the defendant was brought by Deputy Sheriff Herrington before Justice of the Peace HERBERT JOHNSON, of the town of Bath, in said county.  According to the defendant, his arrest was made by Deputy Sheriff Herrington for the misdemeanor of reckless driving, not committed in the presence of the police officer.  I hold that, since the Justice had jurisdiction of the subject matter and the defendant was phys-

ically before him, the manner in which the arrest was made is immaterial in determining the court's jurisdiction.

In *People* v. *Iverson* (46 App. Div. 301), the Appellate Division, Second Department, held that the wrongful arrest of a defendant without a warrant is not a defense. In that case the defendant was charged as a disorderly person. The court said (p. 302): " The evidence on which the appellant was convicted was clearly sufficient for that purpose, and whether the officer who arrested him should have had a warrant does not affect the question of his conviction after he was once within the jurisdiction of the court." The court further said, citing *People* v. *Eberspacher* (79 Hun 410): " ' The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. ' "

In affirming the judgment of conviction, the court further said: " The appellant has his remedy, if he has been wronged, against the ' officer who acted under void process, or who has exceeded his powers ' " citing Crocker on Sheriffs [3d ed.], 35.

Mr. Justice LAING, Erie County Judge, writing in the reported case of *People* v. *Park* (92 Misc. 369, 375 [1915]) said: " My conclusion is that a conviction should not be set aside because the defendant was illegally arrested. The only office of the information and the warrant is to bring the defendant before the magistrate. If the defendant is before the magistrate and after being before the magistrate has a fair trial and is convicted on sufficient evidence every substantial right of the defendant is protected. What happens before the defendant is brought before the magistrate is of no importance as bearing on the justice of his conviction. A conviction of course cannot stand unless the magistrate has jurisdiction of the *crime*. If a magistrate has jurisdiction of the *crime* then the weight of authority is that the magistrate acquires jurisdiction of the *person* when the defendant is brought before him charged with a crime."

The Appellate Division, Fourth Department, in the opinion written by its Presiding Justice KRUSE in 1920 in *People* v. *Dileo* (194 App. Div. 793, 794) said: " Even if a defendant is illegally or forcibly brought within the jurisdiction of the court it does not justify a reversal of a judgment of conviction," citing *People* v. *Eberspacher* (79 Hun 410, *supra*), and *People ex rel. Lawton* v. *Snell* (216 N. Y. 527).

The most recent expression of the courts is found in the opinion of Mr. Justice PECORA in *Matter of Rose* v. *McKean* (190 Misc. 982, 983 [1948]). A petition for an order prohibiting the magistrate from holding hearings on the charge of assault, third

degree, alleged that petitioner had been arrested, without a warrant, for a misdemeanor not committed in the police officer's presence. Judge PECORA denied the petition. He held that it is no defense to a criminal prosecution that the defendant was brought before the court on an illegal arrest.

In respect to the defendant's claim that the evidence does not establish a prima facie case as a matter of law and that a reasonable doubt existed as to defendant's guilt of the charges contained in the information, I state that in my opinion the evidence presented a jury question. In *Matter of Hart* v. *Mealey* (287 N. Y. 39, 42) the court said: '' There was nothing in the evidence which gave proof of a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others. (*People* v. *Grògan,* 260 N. Y. 138.) ''

In *Matter of Sheridan* v. *Fletcher* (270 App. Div. 29, 32) the court further said: '' Reckless driving is not a mere traffic infraction. By statute it is made a crime. Recklessness is more than ordinary negligence, more than want of ordinary care. It is a wanton or heedless indifference to consequences. The word ' reckless ' implies a substantially greater degree or grosser form of negligence and is definite as not recking of consequences, desperately heedless, as from folly, passion or perversity, impetuosity or rashly adventurous.''

'' A distance separates the negligence which renders one criminally liable from that which establishes civil liability.'' (*People* v. *Rosenheimer,* 209 N. Y. 115, 123; Cf. *Brown* v. *Shyne,* 242 N. Y. 176, 182–183, and *People* v. *Pace,* 220 App. Div. 495, 497.)

We, therefore, find that we must take into consideration all the surrounding circumstances. The '' test '' of reckless driving '' does not lie in speed alone, but in that and other circumstances, which together show a reckless disregard of consequences.'' (*State* v. *Andrews,* 108 Conn. 209, 214.)

In *People* v. *Devoe* (246 N. Y. 636, 637) the court further said: '' The evidence in this case that the defendant was driving at the rate of forty six miles an hour at the place and in the circumstances * * * does supply a basis for an inference by the trier of the facts of the commission of said offense.''

Volume 61 of Corpus Juris Secundum in title '' Motor Vehicles '', section 609 at page 701, nicely summarizes the various circumstances to be taken into consideration in respect to the conduct of the driver of an automobile when he is charged with reckless operation. '' Accordingly, in determining the guilt of the accused, his manner of driving has to be considered with respect to the time when, and place where, the

alleged violation occurred, the condition of the vicinity as to light or darkness, the width of the highway, the amount of the traffic thereon at the time, the position of other vehicles, the right of way as between vehicles, the condition of the motor vehicle and the brakes with which it is equipped, the weight of the vehicle, the opportunity for observation, the chance of being able to stop or avoid a collision, and driving by accused while under the influence of intoxicating liquor.''

The court, in its search of the law in relation to what constitutes reckless driving was also interested by '' recklessness '' as used in Restatement of Torts. In section 500-g of the Restatement, Torts, the author has written: '' A conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.''

Section 500 further defines '' reckless disregard of safety '' as follows: '' The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of the facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him '' (citing with approval *Womack* v. *Preach,* 63 Ariz. 390).

Section 500 further says: ''In order that the actor's conduct may be reckless, it is not necessary that he himself recognize it as being extremely dangerous. His inability to realize the danger may be due to his own reckless temperament or to the abnormally favorable results of previous conduct of the same sort. It is enough that he knows or has reason to know of circumstances which would bring home to the realization of the ordinary, reasonable man the highly dangerous character of his conduct.'' This statement has judicial sanction. (See *Cope* v. *Davison,* 171 P. 2d 965, 968 [Calif.].)

The jury has found that the risk created by the defendant, Ebon Mason, was unreasonable and that he should have realized the extreme risk to which he subjected the safety of the passengers in the bus. The jury could find from the evidence that the defendant failed to appreciate the extent and gravity of the risk and that the passengers in the bus were within the range of his conduct. In other words, taking into consideration the width of the highway, the vehicle that the defendant was operating, the weather conditions, the fact that he had had one or more drinks of beer, the defendant should have had knowledge of the pres-

ence of others within the danger zone. The jury are the exclusive judges of all the facts. (See *People* v. *Walker,* 198 N. Y. 329, and *People* v. *Siwirski,* 270 App. Div. 872.)

Let an order, therefore, be entered affirming the judgment of conviction.