In the Matter of Philip Long, Respondent, against James R. Macduff, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Fourth Department, May 5, 1954.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* and *Wendell P. Brown* of counsel), for appellant.

No appearance for respondent.

PIPER, J.   Petitioner's operator's license was suspended for thirty days by the Commissioner of Motor Vehicles for persistent violations of traffic laws and traffic ordinances pursuant to paragraph (d) of subdivision 3 of section 71 of the Vehicle and Traffic Law after a hearing held on September 17, 1953. At the hearing he admitted paying fines for passing a stop sign on January 15, 1952; for passing a school stop sign June 9, 1952; for a prohibited left turn on October 7, 1952; for driving to the left of the center of the street on December 30, 1952; and for speeding on July 11, 1953.

On receipt of the notice of suspension petitioner commenced an article 78 proceeding, brought on by an order to show cause to compel the return of his license on the ground that there was no competent proof on which the commissioner could determine that he was guilty of persistent violations of traffic laws and ordinances.   His contention is based on the fact that the four convictions in 1952 '' consisted of traffic violations for which I was given a ticket and paid a fine without any hearing by any judge, magistrate or Court and in none of those four occasions was I warned that my license could be revoked as a result of paying the fine in those four instances.''   He admits, however, that on the speeding violation on July 11, 1953, he was warned by the magistrate pursuant to section 335-a of the Code of Criminal Procedure.   Special Term granted the appli-

cation, annulled the determination of the commissioner and restored petitioner's license.

The commissioner appealed from the order. The Special Term wrote no opinion and petitioner filed no brief in this court. We are advised by appellant's counsel that the determination of the Special Term was based on the opinion in *Matter of De Lynn* v. *Macduff* (305 N. Y. 501).

Traffic violations bureaus are authorized by sections 370–373 of the General Municipal Law. It is clear that the purpose of such a bureau is to save the time of the motorist who has been charged with a minor violation of a traffic ordinance by permitting him to appear in person, or by agent, at the bureau and paying a prescribed fine for the offense " and, in writing, waiving a hearing in court, pleading guilty to the charge and authorizing the person in charge of the bureau to make such a plea and pay such a fine in court." (§ 371.) We assume the City of Rochester established such a bureau pursuant to statute.

Appellant urges that petitioner waived his rights under section 335-a by taking advantage of the privilege afforded him by the traffic violation bureau and cites *People ex rel. Walsh (Franco)* v. *Lawes* (176 Misc. 627, affd. 262 App. Div. 859). We think, however, that we need not decide that question here. The case in point is *Matter of Johnston* v. *Fletcher* (86 N. Y. S. 2d 690, affd. 275 App. Div. 802, affd. 300 N. Y. 470). There it was held that the warning under section 335-a of the Code of Criminal Procedure need not be given until the third violation for speeding as the license could not be revoked or suspended on the first or second convictions. In *Matter of De Lynn* v. *Macduff* (305 N. Y. 501, *supra*) Judge CONWAY wrote at page 506: " We are thus called upon to determine under what circumstances a magistrate must warn a defendant arraigned for one of the violations enumerated in section 335-a of the Code of Criminal Procedure.

" This question has already been answered in *Matter of Johnston* v. *Fletcher* (300 N. Y. 470). We there decided that a reading of section 335-a of the Code of Criminal Procedure indicates that prior to accepting a plea, a magistrate is required to give a warning when the law governing the charge involved provides that an operator's license or owner's certificate of registration *may or must* be revoked, or suspended."

Here petitioner admits that on his last conviction on July 11, 1953, the magistrate did give him the warning required by section 335-a. We think this was sufficient to give the commissioner jurisdiction to hold the hearing and after the hearing

to suspend petitioner's driver's license. We find nothing in the *De Lynn* case to the contrary. There, there was no compliance with the statutory warning on the third and last arraignment for speeding. Here such a warning is admitted on the last (speeding) violation.

The order should be reversed, the petition dismissed, and the determination of the Commissioner of Motor Vehicles should be confirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law, without costs of this appeal to either party, petition dismissed, and determination of the Commissioner of Motor Vehicles confirmed.