In the Matter of ALLEN W. HUBBELL, Appellant, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, May 2, 1956.

*Paul Scalzo* for appellant.

*Jacob K. Javits, Attorney-General* (*Philip J. Fitzgerald* and *James O. Moore, Jr.,* of counsel), for respondent.

WHEELER, J. Petitioner, on his plea of guilty, has been convicted of three speeding offenses, in violation of section 56 of the Vehicle and Traffic Law, all within a period of 18 months, the first on October 31, 1953, the second on November 3, 1953, and the third on July 15, 1954. Pursuant to the mandatory provisions of paragraph (c) of subdivision 2 of section 71 and section 94-a of the Vehicle and Traffic Law, respondent revoked petitioner's driving license and suspended his certificates of registration.

In this article 78 proceeding petitioner seeks an annulment of the commissioner's determination upon the ground that when arraigned on the second offense (November 3, 1953) he was " not properly afforded the warning required by Section 335-a of the Code of Criminal Procedure ". As to the first and third convictions there is no claim that the Justice failed to read the warning prescribed by that section. In support of the allegation that he was not given the necessary instructions upon his arraignment before Justice HYATT on the occasion of his second conviction (November 3, 1953), petitioner has submitted an affidavit of Justice HYATT attached to and made a part of the petition, in which it is stated in part: " Although it is my practice to give said instruction upon each arraignment for a traffic infraction, at this date I cannot expressly remember giving same to Mr. Hubbell. * * * it is quite possible and probable that the required instruction was not given Mr. Hubbell at the time he answered the charge and before he pleaded guilty thereto." It appears from all three of the certificates of conviction filed with the Commissioner of Motor Vehicles that in each instance the Magistrate instructed petitioner in the manner required by section 335-a. The commissioner, relying upon the presumptive evidence of the facts recited in the certificates (Vehicle and Traffic Law, § 70, subd. 11), ordered the mandatory revocation, the cause being stated as " Convicted of a third violation committed within a period of 18 months of an ordinance limiting the speed of motor vehicles." Special Term dismissed

the petition without opinion and without a trial of the fact issue alleged to have been raised by the pleadings.

It is respondent's contention that, inasmuch as adequate warning pursuant to the statute was duly given on the third and last violation, it is wholly immaterial whether the warning was given upon the arraignment preceding the second conviction. Prior to the amendment of section 335-a (L. 1953, ch. 288, eff. July 1, 1953), it was authoritatively established that the warning need be given only upon the occasion of the third speeding charge and not upon the first two. (*Matter of Johnston* v. *Fletcher,* 86 N. Y. S. 2d 690, affd. 275 App. Div. 802, affd. 300 N. Y. 470; *Matter of De Lynn* v. *Macduff,* 305 N. Y. 501; *Matter of Long* v. *Macduff,* 284 App. Div. 61.)

However, these cases were based upon interpretation of section 335-a as it read prior to the 1953 amendment. The petitioner asserts that the statute as amended requires the uniform warning set forth therein be given in all cases. We feel that a reasonable interpretation of the amended section, read in the light of the objectives sought to be obtained, sustains petitioner's contention. As we view it, the amended section requires a warning in the form prescribed, in every case, at the time of arraignment. (*Matter of Arcuri* v. *Macduff,* 286 App. Div. 17.) Although the *Arcuri* decision was vacated upon the ground that it had become moot (1 A D 2d 733), we find ourselves in accord with the reasoning and conclusions therein set forth. In that case, as here, adequate warning was given upon the third conviction, but not, as alleged, upon the second. There, as here the Attorney-General argued that a failure to warn upon the second conviction was immaterial, " because the petitioner's license could not have been revoked on account of that conviction, and a warning need be given only if the conviction would or might lead to a revocation of the license." This view was rejected and, as we believe, properly so.

In reaching this conclusion, we have not overlooked the later decision of the Court of Appeals in *Matter of Ross* v. *Macduff* (309 N. Y. 56) in which the court, following *Matter of Johnston* v. *Fletcher* (*supra*) and *Matter of De Lynn* v. *Macduff* (*supra*), reiterated the pre-existing rule that the warning was required only upon the third violation. The distinguishing features of that case are apparent. All of the convictions were before the effective date of the 1953 amendment. In his opinion Judge Dye (p. 58) was careful to point out that " *Upon this record* such ruling [annulling the determination of the commissioner] is erroneous." (Emphasis supplied.) The opinion contains no reference to the 1953 amendment and makes no suggestion as

to what the interpretation might be following the date of the amendment.

The amendment was undoubtedly motivated by the data contained in a memorandum submitted by the Bureau of Motor Vehicles in support thereof. (See 1953 N. Y. Legis. Annual p. 266.) After pointing out the complications which have risen, and the difficulties facing the Justice due to the circumstances that at the time of arraignment on the third charge he has no adequate knowledge regarding prior convictions or whether warning was properly given upon prior arraignments, the memorandum concludes: "It seems that substantial justice can be done by providing for a uniform warning to be given in all cases." Compare *Matter of Eckerson* v. *Macduff* (284 App. Div. 56, 61) in which it was stated: "The amendment was enacted by the Legislature with full knowledge of prior court decisions and of the difficulties in administration as pointed out by the memorandum from the Bureau of Motor Vehicles. It appears to follow the recommendation for a uniform warning to be given in all cases."

The former interpretation placed upon the statute prior to the amendment was the result of the statutory provision mandating a warning that the license " may or must be suspended or revoked in accordance with the *provisions of law governing the charge involved* ". (Emphasis supplied.) (L. 1947, ch. 418.) In other words, it was the duty of the Justice to give the warning when the law governing the particular charge involved provides that an operator's license may or must be revoked or suspended. The Justice was concerned only with the effect of a conviction upon the one particular charge which was then before him. Under paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law a conviction upon that one specific charge could afford no basis for a revocation, unless it could be determined that it was a third or subsequent violation committed within a period of 18 months. From this it follows that there was no duty to warn in case of a first or second violation.

Under the amendment the instructions which the Justice must give are quite different. " If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law." It will be observed that the words " may or must be suspended or revoked in accordance with the provisions of law governing the charge involved " were replaced by the words, " are subject to suspension and revocation as prescribed by law." The latter words are more general in nature

and may be appropriately used with respect to all traffic violations, since any violation may give rise to a suspension or revocation *if that result is prescribed by law.*

Our conclusion appears to be further fortified by the 1954 and 1955 amendments to sections 335-a and 335 of the Code of Criminal Procedure. The new paragraph added to section 335-a (L. 1954, ch. 664) which provides for the printing of the statutory warning upon a summons or ticket issued to a person charged with such a violation, is consistent with the view that the statute contemplates the giving of the instructions in all cases. Sections 335 and 335-a as amended (L. 1955, ch. 78) permit the disposition of certain traffic violations by mail. Under section 335 a first speeding violation and other minor traffic violations may be disposed of by mail, *but only upon an express waiver* by the defendant of the requirement of the giving by the magistrate of the warning prescribed by section 335-a. This seems to assume that, in the absence of a waiver, a warning is required to be given in all such cases, although a conviction could not lead to a suspension or revocation of the operator's license.

It is unfortunate that the draftsman of the amendment did not use more explicit language in expressing the legislative intent. Nevertheless, in the light of the language used, the circumstances under which it was enacted, and the difficulties of administration which were sought to be eliminated, we conclude that the Legislature intended by the amendment to provide a uniform warning in the form prescribed by the statute which must be given in every case involving a violation of the Vehicle and Traffic Law or other laws or ordinances relating to the operation of motor vehicles. It, therefore, follows if, in fact, there was a failure to warn on the arraignment on the second charge, the conviction thereon was void (*People* v. *Grogan,* 281 App. Div. 706) and the revocation of petitioner's license improper (Vehicle and Traffic Law, § 71, subd. 6).

No hearing having been had or required by the commissioner, the question to be reviewed in this article 78 proceeding is whether respondent was acting arbitrarily or capriciously in revoking petitioner's license. This, in turn, requires a determination by the Special Term of the underlying issue of fact as to compliance with section 335-a upon the occasion of petitioner's second conviction. (*Matter of Wignall* v. *Fletcher,* 303 N. Y. 435, 440; *Matter of New Brand* v. *City of Yonkers,* 285 N. Y. 164, 174–176; *Matter of Arcuri* v. *Macduff, supra.*)

The order appealed from should, therefore, be reversed and the matter remitted to the Special Term.

VAUGHAN, J. (dissenting). This is an appeal from an order of the Oneida Special Term dismissing the petition in an article 78 proceeding to review the determination of respondent, as Commissioner of Motor Vehicles, revoking petitioner's license to operate a motor vehicle and suspending his certificate of registration. It appears from the record that three times within a period of eighteen months, all subsequent to July 1, 1953, petitioner was convicted of speeding contrary to section 56 of the Vehicle and Traffic Law. The revocation of his operator's license was, therefore, mandatory (Vehicle and Traffic Law, § 71, subd. 2, par. [c]). Petitioner now asserts that on the second occasion he was not given the warning allegedly required by section 335-a of the Code of Criminal Procedure. As to the first and third convictions there is no claim that the warning prescribed by the section was not given by the Justice at the time of defendant's arraignment.

Prior to the amendment of section 335-a in 1953, it had been held that such warning need be given only upon the arraignment of the offender upon a third charge of speeding, and not upon the first two (*Matter of Johnston* v. *Fletcher*, 86 N. Y. S. 2d 690, affd. 275 App. Div. 802, affd. 300 N. Y. 470; see, also, *Matter of Ross* v. *Macduff*, 309 N. Y. 56, and *Matter of Long* v. *Macduff*, 284 App. Div. 61). Petitioner insists that that construction has been displaced by chapter 288 of the Laws of 1953, entitled '' An Act to amend the code of criminal procedure, in relation to information to be given a defendant charged with violating a traffic law or ordinance.'' We find nothing in that amendment expressive of a purpose to alter the construction judicially placed upon section 335-a as it read prior to 1953. Indeed, the memorandum submitted by the State Bureau of Motor Vehicles at the time of the 1953 amendment indicates its concern with the form of warning to be given pursuant to the statute and not with the time or occasion of such warning (1953 N. Y. Legis. Annual p. 266). The amendment provides for a uniform warning to be read in all cases in which warning is required, in place of the individualized advice previously considered necessary, but so far as I can see, it effects no other change in the statute.

I dissent and vote for affirmance of the order.

All concur, except VAUGHAN, J., who dissents and votes for affirmance in opinion in which WILLIAMS, J., concurs.

Present — McCURN, P. J., VAUGHAN, WHEELER, WILLIAMS and BASTOW, JJ.

Order reversed on the law, with $50 costs and disbursements, and matter remitted to the Special Term for further proceedings in accordance with the opinion.