Hon. Jonathan A. Weinstein Village Attorney, Woodsburgh
This is in further response to your letter of July 25, 1978, wherein you ask whether a parking violations bureau of a village court, created by local law, may enter a judgment for unpaid fines, etc. in the office of the county clerk. In our previous response of August 15, 1978, we concluded that a village may not create a parking violations bureau by the enactment of a local law.
As we stated therein, Vehicle and Traffic Law, § 236, subd 1, authorizes the creation of a parking violations bureau in any city as hereinbefore or hereafter authorized. Said bureaus "shall have jurisdiction of traffic infractions which constitute a parking violation." As we stated previously, we can find no other authority for the creation of a parking violations bureau.
Article 14-B of the General Municipal Law, §§ 370 and 371, however, authorize the establishment of a traffic violations bureau in villages in Nassau County by ordinance or local law. Such bureaus may dispose of violations of traffic laws, ordinances, rules and regulations when such offenses shall not constitute the traffic infraction known as speeding or a misdemeanor or a felony. A traffic violations bureau created under these statutes would have jurisdiction over parking violations. It has been held that the purpose of such a traffic violations bureau "is to save the time of the motorist who has been charged with a minor violation of a traffic ordinance by permitting him to appear in person, or by agent, at the bureau and paying a prescribed fine for the offense" (Matter of Long v Macduff, 284 App. Div. 61, 63 [4th Dept, 1954]).
If the parking violations bureau you describe were to be duly established as a traffic violations bureau under General Municipal Law, § 370, then the provisions of General Municipal Law, § 371, would be applicable. That statute provides in part as follows:
 "If a person charged with a traffic violation does not answer as hereinbefore prescribed, within a designated time, the bureau shall cause a complaint to be entered against him forthwith and a warrant to be issued for his arrest and appearance before the court."
We can find no additional authority in Article 14-B of the General Municipal Law or elsewhere which would permit a traffic violations bureau to enter a judgment for failing to pay fines for parking violations.
This conclusion does not mean that a default judgment cannot be entered where a traffic violations bureau has been established and an individual charged with traffic or parking violations does not answer as prescribed in § 371 of the General Municipal Law. On the contrary, where an individual charged with a traffic violation does not answer within a specified time and further fails to respond to a complaint duly entered against him, such action is tantamount to an admission of liability and would thereby constitute grounds for rendering and entering a default judgment, but only by a court of competent jurisdiction.
The Uniform District Court Act became operative in Nassau County on September 1, 1963, by virtue of section 2401 of the County Government Law of Nassau County, L 1936, ch 879, as amended by L 1963, ch 568, § 2, effective September 1, 1963. Section 2402 of the County Government Law of Nassau County, which is supplemental to the Uniform District Court Act, provides in part as follows:
 "All the powers, duties and jurisdiction of police justices of villages in the county, except as hereinafter provided, are hereby also transferred to the district court of the county and the judges thereof. The police justices of villages in the county shall have jurisdiction of violations of the ordinances and other regulations of the village and of violations of the vehicle and traffic law committed within the limits of the village, except in cases in which the charge is operating a motor vehicle or motor cycle while in an intoxicated condition" (Emphasis supplied.)
Vehicle and Traffic Law, § 1200, subd (c), states in part as follows:
 "When parking is prohibited by this article, or by local law, ordinance, order rule or regulation * * *" Thus, all parking infractions would constitute violations of the Vehicle and Traffic Law and any action for a default judgment for failure to pay parking fines would fall under the jurisdiction of the village court.
Accordingly, it is the clerk of the village court in which the default judgment was rendered with whom the default judgment would be filed. Upon the filing of a transcript of the docket of the judgment of the village court, the clerk of Nassau County shall docket the judgment (Uniform Justice Court Act, § 1502).
From all of the foregoing we conclude:
(1) Under the Vehicle and Traffic Law, a village may not create a parking violations bureau by local law;
(2) Under the General Municipal Law, a village may create a traffic violations bureau which would have jurisdiction over parking violations;
(3) A traffic violations bureau may not enter a default judgment for failure to pay parking fines; and
(4) In Nassau County, the village court has jurisdiction over parking violations within the village and may enter a default judgment for failure to pay parking fines. Such judgments are to be entered with the clerk of the village court in which the default judgment was rendered, and a transcript of the docket of said judgment is filed with the county clerk.