██ The People of the State of New York, Respondent, v James D. Prentice, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of imprisonment which shall have a minimum of one and one-half years and a maximum of three years and, as modified, affirmed. Memorandum: Defendant was convicted of criminally negligent homicide after his tractor, i.e., a truck without a trailer, struck and killed an eight-year-old girl. Considering the evidence in the light most favorable to the People (see *People v Beiter*, 77 AD2d 214, 217), the proof establishes that defendant, a professional truck driver, was operating his vehicle on a portion of Route 17 in the City of Corning, which was unfamiliar to him, in rain and poor driving conditions and at an excessive rate of speed, when approximately 300 feet from the intersection of Route 17 and State Street he saw the traffic light turn red; that he commenced braking and downshifting but was unable to stop the tractor which ran the light and struck the girl as she was lawfully crossing the street; and that the vehicle effectively had no rear brakes, a fact that was known, or should have been known, by him. In our view the prosecution met its burden of establishing a "gross deviation" from the standard of care of a reasonable person under the circumstances and the evidence was sufficient to support the guilty verdict (see Penal Law, § 15.05, subd 4; § 125.10). Defendant was sentenced as a second felony offender to an indeterminate term of imprisonment having a maximum of four years and a minimum of two years, the maximum allowable sentence (Penal Law, § 70.06, subds 3, 4). The record shows that had defendant waived a hearing on a special information charging him with a prior felony conviction (see CPL 400.21) the minimum sentence would have been imposed. Although the "sentencing decision is a matter committed to the exercise of the *court's* discretion" (*People v Farrar*, 52 NY2d 302, 305), it would appear that the maximum sentence was imposed in part as punishment for defendant's exercise of his statutory right to require the prosecution to prove that he had a prior felony conviction. Moreover, while the court in imposing sentence must consider the protection of the community and the deterrent effect on others similarly inclined, it should also consider the defendant's prior record and conduct and his potential for rehabilitation. Given the defendant's history and work record, little purpose is served by prolonging the incarceration of a man who has almost always been gainfully employed when his conviction is for a crime which does not require proof of intentional conduct. Considering these factors, the sentence as reduced is sufficient punishment for the crime. We have considered the defendant's other arguments and find them to be without merit. We cannot say on this record that he was denied "meaningful representation" (see *People v Baldi*, 54 NY2d 137). Any claim that defendant was deprived of the effective assistance of counsel should be resolved by the trial court in a CPL 440.10 proceeding (see *People v Brown*, 45 NY2d 852, 853-854) and the determination here is without prejudice to such application. (Appeal

from judgment of Steuben County Court, Purple, J. — criminally negligent homicide.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.