■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. BENTON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), entered September 28, 1984, upon a verdict convicting defendant of the crime of rape in the first degree.

At about midnight on February 9, 1984, complainant and defendant arrived at defendant's apartment house. When defendant was unable to locate his keys, they were admitted to the apartment of a neighbor, Edward Keith, who was a codefendant in the instant case. The complainant accused the men of then using force to have sexual intercourse with complainant.

The two men were coindicted in a one-count indictment charging them with the crime of rape in the first degree. The description of the offense as set forth in the indictment was: "On or about February 9, 1984, at or about 12:00 A.M. to 1:45 A.M., exact time being unknown, at 103 Cascadilla Street, third floor attic apartment, the room slightly to the left as one stands at the top of the stairs—known as the apartment of Edward LaDarrell Keith, in the City of Ithaca, County of Tompkins and State of New York, [defendant] and EDWARD LADARRELL KEITH, each acting together with and in concert with the other, did engage in sexual intercourse with a female by forcible compulsion, to wit: [defendant] and EDWARD LADAR-

RELL KEITH did physically force one LORALEE SHEPPARD to engage in sexual intercourse with them."

Prior to trial, Keith pleaded guilty to the lesser charge of sexual abuse. Following a jury trial, defendant was convicted of rape in the first degree. On appeal, defendant raises two alternative contentions. Defendant asserts that the indictment was defective because it charged more than one offense and was therefore duplicitous in violation of CPL 200.30. He further argues that if the indictment was valid, the evidence admitted at trial of more than one act of sexual intercourse by forcible compulsion with the complainant constituted improper and prejudicial evidence of uncharged crimes. We disagree with both contentions and affirm the conviction for the following reasons.

The indictment was not duplicitous and was not violative of the provisions of CPL 200.30. That section provides that only one offense may be charged in each count of an indictment. The instant indictment contained a single count charging the crime of rape in the first degree, by forcible compulsion, a violation of Penal Law § 130.35 (1). Since the single-count indictment charged only one offense, there was no violation of CPL 200.30 (see, People v Rosado, 64 AD2d 172).

At trial, the complainant testified to three acts of forcible sexual intercourse which took place in the same apartment during less than a two-hour period of time. The defense did not object to that testimony and thus failed to preserve the issue of its admissibility for review on appeal (CPL 470.05 [2]; People v Powell, 107 AD2d 718, 719). In any event, there was no prejudicial error in admitting the testimony. If the three acts did not merge into one rape, they were part of the res gestae (People v Rockwell, 97 AD2d 853, 854; see, People v Jackson, 39 NY2d 64, 67-68; People v Chandley, 89 AD2d 740, 741).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.