■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE OLIVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered October 18, 1984, convicting him of criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

After the defendant's conviction had been reversed by this court and a new trial granted *(see, People v Oliver,* 99 AD2d 789), the defense counsel and an Assistant District Attorney entered into a stipulation pursuant to which the People were permitted to establish their case at the defendant's second trial through the use of testimony adduced at his first trial. On appeal, the defendant argues that the court was obligated to question him in order to ascertain whether the stipulation into which he entered was knowingly and voluntarily obtained. We disagree. As we have recently noted in rejecting a similar contention, "[r]eversal is not warranted because the court did not inquire of the defendant personally whether he had knowingly agreed to the stipulation" *(People v Word,* 118

AD2d 823, *lv denied* 67 NY2d 1058; *People v Mills,* 103 AD2d 379). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.