Mark M. McMillan, Esq. Town Attorney, North Castle
You have asked whether a police officer, when issuing a summons to a motorist for violating a provision of the Vehicle and Traffic Law, is authorized to provide that motorist with an envelope containing a schedule prepared by the judge of the court in which the summons is returnable, listing the fines imposed for various traffic infractions. Under this system, if the motorist intends to plead guilty he or she would simply enclose a check or money order in the amount indicated by the fine schedule, together with an admission of guilt in the envelope provided.
By way of background, we note that the imposition of a fine for a traffic infraction is a sentence under the Criminal Procedure Law (CPL, §1.20 [13], [14]). In general, sentencing is governed by article 380 of the CPL. The imposition of a sentence comes after the entry of a conviction and after the sentencing judge has weighed various factors (id., §§ 380.20, 380.30). These factors include protection of the community, deterrent effect, defendant's prior record and any other mitigating or aggravating circumstances (People v Danny G., 61 N.Y.2d 169
[1984]; People v Prentice, 91 A.D.2d 1202 [4th Dept, 1983]).
Although Criminal Procedure Law, § 380.10 provides that the provisions of article 380 apply "to sentencing for every offense, whether defined within or outside of the penal law", the section also recognizes that different sentencing procedures have been established for minor offenses such as traffic infractions:
 "Whenever a different or inconsistent procedure is provided by any other law in relation to sentencing for a non-criminal offense defined therein, such different or inconsistent procedure applies thereto" (CPL, § 380.10[2]).
The commentaries make clear that the purpose of this language is to provide "flexibility and administrative convenience in relation to sentencing for non-criminal offenses, i.e., violations or traffic infractions" (Bellacosa, Practice Commentaries, CPL, § 380.10, McKinney's Vol 11A, pp 145-146).*
Article 2-A of the V T Law allows traffic infractions to be adjudicated by administrative tribunals for offenses "which occur within a city having a population of two hundred thousand or more in which administrative tribunals have heretofore been established or within that portion of Suffolk County for which a district court has been established" (V T Law, § 225 [1]). The purpose of the legislation so empowering the tribunals was to decriminalize most traffic infractions in these limited jurisdictions and remove them from the dockets of overcrowded criminal courts and to transfer the adjudication of such violations to administrative agencies where only monetary penalties can be levied (L 1969, ch 1074; see Voccola v Shilling, 88 Misc.2d 103 [Sup Ct, N Y Co, 1976], affd 57 A.D.2d 931 [2d Dept, 1977]).
The procedure established by article 2-A permits a motorist to plead guilty to the traffic infraction by mail. It also authorizes the Commissioner of Motor Vehicles to establish in advance a schedule of penalties for various violations, enabling the motorist to know, at the time he receives the summons, what the ultimate fine will be in the event of a guilty plea (V T Law, § 226). It also allows the motorist to pay the fine at the time he submits his guilty plea by mail:
 "If a schedule of penalties for violations has been established, and such schedule appears on the answer form, a check or money order in the amount of the penalty for the violation charged if included in such schedule, must also be submitted with such answer" (V T Law, § 226 [2] [b]; see also, 15 NYCRR, pts 122, 123).
In Rosenthal v Hartnett (36 N.Y.2d 269 [1975]), the Court of Appeals found the administrative procedure established by article 2-A is constitutional and not violative of motorists' due process rights. These procedures, however, apply only in certain jurisdictions, which do not include Westchester County or the Town of North Castle. A local government lacks authority to establish these tribunals by local law (1980 Op Atty Gen [Inf] 243).
Adjudication of traffic violations in jurisdictions not covered by article 2-A is governed by article 45 of the V T Law (V T Law, §§ 1800-1809).* Section 1805 permits motorists to make guilty pleas by mail, but does not authorize simultaneous payment of fines in accordance with an established schedule of fines for various offenses. Pleading guilty by mail is available for all traffic infractions defined by the Vehicle and Traffic Law except for a third or subsequent speeding violation committed within a period of eighteen months (V T, § 1805; see 15 NYCRR § 91.7 [a] [5] [ii]). The motorist must then submit to the local criminal court having jurisdiction over the offense the "record of convictions" stub of his or her operator's license together with an application for relief (V T Law, § 1805). The application must set forth the following information: (a) the nature of the charge; (b) any convictions for traffic infractions during the preceding eighteen months which do not appear on the record of convictions; (c) statement of the defendent's rights to arraignment under section 1807 of the V T Law; (d) a statement that defendant waives arraignment in open court and waives the aid of counsel; (e) a statement that defendant pleads guilty to the offense as charged; (f) a statement "that defendant elects and requests that the charge be disposed of and the fine or penalty [be] fixed by the court" (ibid.); (g) any explanation that the defendant wishes to make with regard to the charges; and (h) a statement that the application is made under penalty of perjury (ibid.). After receipt of this information, the local court "may proceed as though the defendant had been convicted upon a plea of guilty in open court" (ibid.).
Provision of an envelope with a fine schedule at the time the summons is issued is inconsistent with the procedure set forth in section 1805. Clause f of section 1805 provides that the defendant motorist must request, at the time of the guilty plea, that the court fix a fine or penalty for the offense (ibid.; see also, 15 NYCRR § 92.2). The fine or penalty is subsequently set by the court taking into consideration the information included in the defendant's application for relief. If the Legislature intended to allow fines to be established at the time of a guilty plea by mail, it would have authorized the establishment of fine schedules, as was done in the case of traffic violations bureaus under article 2-A of the V T Law.
Furthermore, the Commissioner of Motor Vehicles' regulations governing uniform traffic tickets (see V T Law, § 207) does not provide for the provision of an envelope or a pre-prepared schedule of fines (15 NYCRR §§ 91.1-91.20). The regulations further provide that "[n]o variations from the prescribed specifications shall be permitted unless prior written approval is obtained from the commissioner" (15 NYCRR § 91.5; see 15 NYCRR §§ 91.7, 92.2).
We conclude that the procedure established in article 18 of the Vehicle and Traffic Law which enables motorists to plead guilty to traffic infractions by mail does not authorize the police officer issuing the ticket to give the motorist a pre-prepared schedule of fines to enable the motorist to submit a check in the amount of the fine at the time he submits his guilty plea.
* To similar effect, persons charged with traffic infractions are not subject to the requirement under CPL, § 340.20 (2) of personally, orally entering their plea in court (see CPL, §§ 170.10, 340.20 [2] [b]).
* The General Municipal Law authorizes the legislative bodies of cities, villages, towns and Nassau County to establish traffic violations bureaus "to assist the court in the disposition of offenses in relation to traffic violations" (General Municipal Law, § 370). The purpose of the article creating these bureaus was to save time by permitting motorists to appear in person or by agent at a bureau and pay the fine, and, in writing, waive a hearing in court, plead guilty to the charge and authorize the person in charge of the bureau to make such plea in court (Long v MacDuff, 284 App. Div. 61, 63 [4th Dept, 1954]). These bureaus, however, operate as arms of the appropriate court, are not autonomous and are of limited jurisdiction (see 1980 Op Atty Gen 42; 1978 Op Atty Gen [Inf] 269). For example, they only have authority "to dispose of violations of traffic laws, ordinances, rules and regulations when such offenses shall not constitute the traffic infraction known as speeding" (id., § 371). In addition, because they require a personal appearance by the motorist or his representative, they do not permit resolution of non-speeding offenses by mail (General Municipal Law, § 371).
Furthermore, for cities with a population in excess of two hundred thousand, the Vehicle and Traffic Law authorizes the establishment of a parking violations bureau which can administratively adjudicate parking violations (V T Law, §§ 155, 235-244).