[610 NYS2d 542]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VINCENT SENISI, JR., Appellant.

Second Department, April 11, 1994

APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria,* New York City *(Herald Price Fahringer* and *Diarmuid White* of counsel), for appellant.

*James M. Catterson, Jr., District Attorney* of Suffolk County, Riverhead *(Michael J. Miller* of counsel), for respondent.

OPINION OF THE COURT

BRACKEN, J. P.

The defendant, Vincent Senisi, Jr., and his codefendant

Dennis Killane (see, People v Killane, — AD2d —, 1994 NY Slip Op 03196 [decided herewith]) were charged in the first count of Suffolk County Indictment Number 1982/89 with the crime of manslaughter in the second degree (see, Penal Law § 125.15 [1]). Unlike Killane, Senisi was also charged with a second count of manslaughter in the second degree, based on the same incident and based on the same section of the Penal Law (see, Penal Law § 125.15 [1]). Both the first and the second counts of the indictment charged that on October 8, 1989, Senisi recklessly caused the death of the victim, Jeanine Tolentino, on Route 110 in Suffolk County. On this appeal, we conclude that while these two counts are multiplicitous in that they charge Senisi with the same crime, such multiplicity does not alter the fact that the evidence was both legally and factually sufficient (see, CPL 470.15 [5]; 470.20 [2]; People v Bleakley, 69 NY2d 490) to support the County Court's verdict finding Senisi guilty of the lesser included offense of criminally negligent homicide (Penal Law § 125.10; see also, Penal Law § 15.05 [4]) under both of these counts. We modify the judgment appealed from in the interest of justice only to the extent necessary in order to remedy the technical defect inherent in the multiplicity of the first two counts and the technical defect in the County Court's pronouncement of sentence.

■ Senisi's primary argument on appeal is that the verdict of the County Court is against the weight of the evidence. In advancing this argument, Senisi relies heavily on the proposition that a conviction for criminally negligent homicide cannot be based on proof of excessive speed alone (see, e.g., People v Paris, 138 AD2d 534, 536, citing People v Eckert, 2 NY2d 126; People v Walker, 296 NY 740; see also, People v Perry, 70 NY2d 626; People v Bearden, 290 NY 478; People v Grogan, 260 NY 138, 143-144; People v Fink, 18 AD2d 220). The People respond by noting that in this case there was proof not only of Senisi's use of excessive speed, but also of Senisi having engaged in a "drag race", as that term is commonly understood. Thus, the People contend that there was legally and factually sufficient evidence to support the verdict (see, People v Ricardo B., 73 NY2d 228, 235-236; People v Soto, 44 NY2d 683; People v Abbott, 84 AD2d 11). We agree with the People that the evidence was sufficient to support the County Court's finding of liability for criminally negligent homicide.

One must be careful not to misunderstand the meaning of the statement made by the Court of Appeals in People v

*Eckert* (2 NY2d 126, 130, *supra)* to the effect that a "conviction under [former Penal Law § 1053-a] cannot be based solely on proof of excessive speed" (citing *People v Bearden,* 290 NY2d 478, *supra; People v Walker,* 296 NY 740, *supra).* In our view, what this statement means is that the mere infraction of the applicable speed limit does not, in and of itself, constitute an act of criminal negligence (Penal Law § 15.05 [4]). We do not take this statement to mean that in order to sustain a conviction for criminally negligent homicide in a case in which the principal item of evidence consists of proof of the defendant's use of excessive speed, the prosecution must always prove some other traffic law violation unrelated to the defendant's rate of speed.

While it may be accurate to say that an infraction of the posted speed limit does not ipso facto establish criminal negligence, it would not be accurate to say that a trier of fact may never conclude that in light of the time, the place, the weather conditions, and in light of any number of other factors which might be established at the trial, the defendant's use of excessive speed was criminally negligent. We believe that there are cases, including the present one, where the trier of fact may, in light of all the circumstances presented, conclude that the defendant's use of excessive speed constituted criminal negligence *(see, e.g., People v Devoe,* 246 NY 636, 637 [driving at rate of 46 miles per hour constituted recklessness in circumstances described]). In other words, while proof of excessive speed might not automatically constitute proof either of the culpable mental state of recklessness or of the culpable mental state of negligence, such proof does supply a basis from which the trier of fact may infer the existence of either of the two culpable mental states in light of all the other circumstances presented *(see, People v Devoe, supra; see also, People v Sticht,* 139 NYS2d 667; *People v Mason,* 198 Misc 452; *People v Whitby,* 44 NYS2d 76).

The proposition so heavily relied upon by the defendant, that is, the proposition that proof of excessive speed alone may not serve as the basis for a conviction of criminally negligent homicide, is one which properly understood might prove to be decisive only in that extremely rare case where the evidence adduced by the prosecution in fact fails to prove anything relevant aside from excessive speed. It is difficult to imagine a case where there would be absolutely no evidence as to the presence or position of other vehicles, the presence or position of pedestrians, the condition or width of the

roadway, the condition of the defendant's car, the lighting conditions, the presence or absence of obstructions to the defendant's field of vision, the physical condition of the defendant himself, the rate of acceleration, or any of a myriad of other factors which courts have identified as being relevant (see, e.g., People v Haney, 30 NY2d 328, 335-336; People v Battease, 124 AD2d 807; People v Prentice, 91 AD2d 1202; Matter of Fake v Macduff, 281 App Div 630; People v Mason, 198 Misc 452; 61A CJS, Motor Vehicles, § 609).

Even if we were to accept the defendant's hypothesis that in order to sustain a conviction for criminally negligent homicide (see, Penal Law § 125.10), the prosecution was duty bound to prove a species of negligence separate and apart from that which was manifested by the defendant's use of excessive speed, we would conclude without difficulty that the prosecution has done so in this case. The weight of the evidence establishes that Mr. Senisi not only sped, but that he did so while his attention was unduly distracted as a result of his having become engaged in what is commonly known as a "drag race" (see, People v Ricardo B., 73 NY2d 228, supra; People v Abbott, 84 AD2d 11, supra). Thus, the present case is clearly not one where the prosecution attempted to fix criminal liability based on proof of excessive speed alone.

The defendant's argument on this score gathers a modicum of greater force as a result of the particular way in which the indictment in this case was drafted. As we noted above, both the first and the second counts charged the defendant with reckless manslaughter (see, Penal Law § 125.15 [1]). Both counts charged him in connection with the death of Jeanine Tolentino on October 8, 1989, on Route 110 in Suffolk County. Insofar as they apply to Senisi, the only distinction between the first and the second count was that the first count recited that Senisi had been reckless "while engaged in an illegal speed contest", whereas the second count recited that Senisi had been reckless "while driving * * * at an excessive rate of speed". Senisi now argues that because these two specifications of recklessness were severed from one another in the drafting of the indictment, the County Court had no right to consider the two specifications of recklessness together in reaching its verdict. We disagree.

Contrary to Senisi's contention, the County Court was not precluded from considering the prosecution's proof of excessive speed in connection with the first count, or from considering the prosecution's proof of a speed contest in connection with

the second count. Both manifestations of negligence (the use of excessive speed; the participation in a speed contest) could have been recited in one single count *(see, e.g., People v Rooney,* 57 NY2d 822) and such nonessential factual recitations do not, in the absence of prejudice, limit the nature of the otherwise relevant, material, and competent evidence which the People may present *(see, People v Muniz,* 74 NY2d 464, 468; *People v Spann,* 56 NY2d 469; *People v Feldman,* 50 NY2d 500; *see also, People v Butler,* 191 AD2d 503; *People v Brown,* 196 AD2d 428; *People v Brammer,* 189 AD2d 885; *People v Steadman,* 186 AD2d 693; *People v Hobbs,* 185 AD2d 619; *People v Wong,* 182 AD2d 98, 109-110, *revd on other grounds* 81 NY2d 600; *People v Hagmann,* 160 AD2d 1125; *People v Rivera,* 157 AD2d 540; *People v Benton,* 115 AD2d 916).

In this case, the People did not formally confine themselves to reliance on proof of excessive speed only and they did not formally confine themselves to reliance on proof of a speed contest only *(cf., People v Barnes,* 50 NY2d 375, 379, n 3; *People v Shealy,* 51 NY2d 933). Senisi cannot reasonably claim to have been prejudiced as a result of the prosecution's having opted to charge each of these two separate manifestations of criminal negligence or recklessness (use of excessive speed; participation in speed contest) in two separate counts *(cf., People v Grega,* 72 NY2d 489). We conclude that the evidence of Senisi's having engaged in a drag race as that term is commonly understood, plus the evidence of his having driven an excessive rate of speed, establishes his guilt of one count of criminally negligent homicide beyond any reasonable doubt *(see, People v Ricardo B.,* 73 NY2d 228, *supra; see also, People v Abbott,* 84 AD2d 11, *supra; People v Killane, —* AD2d *—, supra; cf., People v Perry,* 70 NY2d 626, *affg* 123 AD2d 492; *People v Colosimo,* 17 AD2d 683; *People v Frisbie,* 114 AD2d 587; *People v Beiter,* 77 AD2d 214; *People v Lewis,* 53 AD2d 963; *People v Dann,* 100 AD2d 909). The People did not charge Senisi with a violation of Vehicle and Traffic Law § 1182 and had no obligation to prove the elements of this offense as defined in *People v Grund* (14 NY2d 32).

█ Senisi's argument concerning the sufficiency of the evidence, which for the reasons outlined above is meritless, conceals what is in substance an argument concerning the multiplicity of the indictment, an argument which does, in fact, have merit. Although this argument was not properly raised on appeal, we believe the interests of justice warrant

corrective action in this case. As outlined above, the *Rooney* case and other precedent establishes that the People could have specified both aspects of Senisi's recklessness (use of excessive speed and participation in a drag race) in a single count. Such a count would not have been duplicitous; that is, it would not have charged two crimes. The People, in what was perhaps an unwarranted fear of committing the error of duplicity (one count charging what amounts to two separate crimes) lapsed into the converse error of multiplicity (two separate counts charging what amounts to one single crime). Both count one and count two of the present indictment were premised on the same subdivision of the same statute *(see,* Penal Law § 125.15 [1]) and, insofar as they applied to Senisi, they differed only in that they were each supported by a different specification of recklessness. They both related to the same mental state, the same act, the same course of conduct, and the same victim. As to the defendant Senisi, then, the second count is multiplicitous and subject to dismissal for this reason alone *(see, e.g., People v Riela,* 7 NY2d 571, *cert denied* 364 US 915 [17 refusals to testify constitute one rather than 17 contempts]; *see also, People v Ribowsky,* 77 NY2d 284; *People v Chestnut,* 26 NY2d 481, 492; *People v Smith,* 113 AD2d 905, 907-908; *People v Miller,* 138 Misc 2d 639).

The County Court only imposed one term of imprisonment for criminally negligent homicide, despite the fact that Senisi was convicted of two counts of this crime *(see, People v Sturgis,* 69 NY2d 816). It is unclear as to which count the term of imprisonment was imposed. In light of the particular circumstances of this case, we vacate the sentences imposed upon the remaining convictions and remit for resentencing *(cf., People v Chestnut, supra).*

We have examined Senisi's remaining contention and find it to be without merit *(see, People v Williams,* 161 AD2d 295; *People v Oliver,* 134 AD2d 533; *People v Mills,* 103 AD2d 379; *see also, People v Killane,* — AD2d —, *supra).*

Therefore, the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of criminally negligent homicide under the second count of the indictment, dismissing that count of the indictment, and vacating the sentences imposed thereon and on the remaining counts; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for sentencing on the remaining counts.

SULLIVAN, COPERTINO and PIZZUTO, JJ., concur.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the defendant's conviction of criminally negligent homicide under the second count of the indictment, dismissing that count of the indictment, and vacating the sentences imposed thereon and on the remaining counts; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing on the remaining counts.