People v Brown (2024 NY Slip Op 50275(U))

[*1]

People v Brown

2024 NY Slip Op 50275(U)

Decided on March 15, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Jayquan Brown, Defendant.

Case No. 23110063

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Kirby W. Leggett [awaiting admission] of Counsel), for plaintiff. 
Julie Cianca, Monroe County Public Defender (Sara Gaylon of Counsel), for defendant. 

 

Thomas J. DiSalvo, J.

 
History of the Case.
 The defendant was originally charged with criminal contempt, 1st degree, PL § 215.51 (b) (v), endangering the welfare of a child, PL. § 260.10 (1), criminal mischief, 4th degree, PL § 145.00, and harassment 2nd degree, PL § 240.26 (1). Said charges were alleged to have occurred on November 13, 2023 at 3:25 A.M. The class E felony charge of criminal contempt 1st degree was dismissed by this court on December 7, 2023 at the request of the Office of the Monroe County District Attorney. It was brought to the court's attention in an email from said office that the order of protection alleged to have been violated was previously vacated on July 10, 2023. On January 29, 2024 defense counsel filed omnibus motions with the court. Said motions demanded, among other things, that the remaining charges be dismissed as being defective on their face. In particular the defense argues that said accusatory instruments are defective pursuant to CPL §§100.40, 170.30 and 170.35, because the charges are "multiplicitous."
 
 Legal Analyis.
An accusatory instrument ". . . is multiplicitous when a single offense is charged in more than one count (e.g. People v. Senisi, 196 AD2d 376, 610 N.Y.S.2d 542 [2d Dept.1994] )." (People v. Alonzo, 16 NY3d 267,269, 920 N.Y.S.2d 302,303 [2011]) In Senisi the defendant was charged with two counts of manslaughter in the second degree ". . . based on the same incident and based on the same section of the Penal Law (see, Penal Law § 125.15[1] )"[FN1]
The court went [*2]on to define multiplicity as "two separate counts charging what amounts to one single crime."[FN2]
The defense cites People v. Alonzo, 16 NY3d 267, 920 N.Y.S.2d 302 (2011) in support of its claim that the charges herein are mulitplicitous. In that case the Court of Appeals stated as follows:
"The grand jury indicted defendant on two counts of unlawful imprisonment and four of sexual abuse. Only the sexual abuse counts concern us here. There are two for each victim, the first alleging forcible hand-to-breast contact, the second hand-to-buttocks. (The second count relating to the second victim uses the word 'breast' rather than 'buttocks', but the grand jury transcript shows this to be an error.) Defendant moved to dismiss two of the four counts as multiplicitous. County Court granted his motion, and the Appellate Division affirmed (People v. Alonzo, 62 AD3d 720, 877 N.Y.S.2d 695 [2009] ). A Judge of this Court granted the People leave to appeal (13 NY3d 936, 895 N.Y.S.2d 327, 922 N.E.2d 916 [2010] ), and we now affirm."[FN3]
Specifically, the defendants in Alonzo were charged with two counts of sexual abuse in the first degree, PL § 130.65 (1), as to each victim. However, rather that two distinct and separate offenses as to each said victim, "there was 'but a single, uninterrupted occurrence of forcible compulsion.'"[FN4]
Thus the Court of Appeals determined that "... the indictment as returned by the grand jury was multiplicitous . . . ."[FN5]
That ruling was based on the Court's finding that "The evidence in this case clearly shows a single crime of sexual abuse against each victim."[FN6]

In the instant case the defendant was charged with committing three separate and distinct offenses. The issue is whether the replication of facts set out in each of the accusatory instruments renders them multiplicitous.[FN7]
Each of the charges herein have their own specific elements.
The charge of endangering the welfare of a child, pursuant to 206.10 (1) has three elements, to wit:
One. That on or between a date or dates in the said county the defendant acted in a manner likely to be injurious to the physical, mental, or moral welfare of the child in [*3]question;
Two. That the defendant did so knowingly; and
Three. That the child in question was less than seventeen years old.[FN8]
The charge of criminal mischief 4th degree, 145.00 (4) has three elements, to wit:
One. That as of a particular date in the said county the defendant intentionally disabled or removed telephonic, TTY or similar communication sending equipment while another person was attempting to seek or was engaged in the process of seeking emergency assistance from police, law enforcement, fire or emergency medical services personnel;
Two. That the defendant did so with intent to prevent that person from communicating a request for emergency assistance, and
Three. That the defendant had no right to do so nor any reasonable ground to believe that he/she had such right.[FN9]
The charge of harassment, 2nd degree, P.L. § 240.26 (1) has two elements, to wit:
One That on a parictular date in the said county the defendant struck, shoved, kicked or otherwise subjected the complainant to physical contact or attempted to do the same;
Two . That the defendant did so with the intent to harass, annoy or alarm the complainant.[FN10]
It must be noted that none of the offenses have a common element that needs to be proven by the People to obtain a conviction at trial. Defense counsel argues that the accusatory instruments are multiplicitous because "All three instruments rely on the same salient allegations in order to establish prongs of each offense." Those allegations are that the baby of the parties was being held by the both of them at the time of the alleged incident, that the defendant was in possession of the complainant's phone; and that the defendant kicked the complainant in the back.Defense counsel maintains that "These allegations as the basis for all three offenses create a risk of Defendant being convicted of more crimes that he allegedly committed. As such, it is argued that the instruments are multiplicitous and defective.
The argument that the accusatory instruments are multiplicitous is without merit. Each of the statutes alleged to have been violated by the defendant is intended to prohibit distinct behavior, namely that which jeopardizes the well being of a child by one's actions; interferes with someone seeking assistance by taking their communication device, or uses physical force or a threat thereof to another person. The allegation as to who was holding the child of the parties during the alleged events in question was relevant to the endangering the welfare of the child only. Mention of same in the criminal mischief, 4th and harassment 2nd accusatory instruments was simply additional background information, but would not be considered elements of said offense.
The allegation that the defendant took the plaintiff's telephone was only relevant to the charge of criminal mischief 4th degree. The allegation that the defendant was holding his and the [*4]complainant's baby is irrelevant information relative to the charge of criminal mischief, 4th degree. The kicking of the child's mother while holding the child of the parties is a completely separate prohibited act in and of itself. Said allegation is relevant to the charge of endangering the welfare of a child. The allegation in the said accusatory instrument that the defendant had the victim's phone would not necessarily be a required element of the charge of endangering the welfare of a child, when the other allegations set out in the accusatory instrument are taken into account. Furthermore, no mention of the telephone is set out in the harassment 2nd.
Likewise the additional allegation that the defendant kicked the complainant in the back was specifically relevant to the charge of harassment 2nd degree. The fact that the defendant was holding the child at the time of the alleged harassment was not required to establish that charge. Kicking the defendant would be harassment second degree whether or not the defendant was holding the said child.
 
 Conclusion.
The Court of Appeals has stated " As a general rule, however, it may be said that where a defendant, in an uninterrupted course of conduct directed at a single victim, violates a single provision of the Penal Law, he commits but a single crime."[FN11]
That is not the case herein. The defendant is charged in the accusatory instruments with committing three distinct acts that are separately proscribed by three different statutes in the Penal Law. Therefore the defendant's motion to dismiss the accusatory instruments herein as being defective on their face pursuant to CPL §§ 100.40, 170.35, 170.30, because they are multiplicitous, is hereby denied. This constitutes the decision and order of this case.
 Dated: March 15, 2024
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(Senisi at 378, 543) 

Footnote 2:(Senisi at 382,546)

Footnote 3:(Alonzo at 270,304)

Footnote 4:(Id.)

Footnote 5: (Alonzo at 269,303)

Footnote 6:(Alonzo at 270,304)

Footnote 7:(The Criminal Procedure Law does not provide a definition for term multiplicitous. However, it has been referenced as a "MULTIPLICITY OF ACTIONS; or SUITS. Numerous and unnecessary attempts to litigate the same right. A phrase descriptive of the state of affairs where several different suites or actions are brought upon the same issue. The actions must be against a single person." Black's Law Dictionary 1166 [Revised 4th ed 1968])

Footnote 8:(CJI2d[NY] Penal Law § 260.10 [1])

Footnote 9:(CJI2d [NY] Penal Law § 145.00 [4])

Footnote 10:(CJI2d[NY] Penal Law § 240.26 [1])

Footnote 11: (Alonzo at 270, 303)